*Western District*
S.C. # 158389
D.C. # 66 T 899

## BARBARA NORMAN WEISS
### v.
## RICHARD E. MAGAW

*Present:* Garvey, P.J., Moore, J. and Sloan, J.

Tried to: *McCooey, J.* in the Central District Court of Worcester. S.C. #158389. D.C. #66 T 899.

*Garvey, P.J.* In this tort action the plaintiff seeks damages for personal injuries sustained in a motor vehicle accident. It was transferred to the District Court for trial under the provisions of G.L. c. 231, § 102C. The plaintiff did not file a statement under Rule 33A of the Rules of the Superior Court. The judge found for the plaintiff and assessed damages in the amount of $5440.00.

Thereafter the defendant filed two motions, one to order the case retransferred to the Superior Court with the finding expunged and the other that he be granted a new trial on the issue of damages, or in the alternative, that the plaintiff be ordered to remit $3440.00. The defendant claims to be aggrieved by the denial, after hearing, of both motions.

The only issue briefed and argued by the de-

fendants is his contention that when a plaintiff does not file a statement of his expected damages under Rule 33A he cannot be awarded damages in excess of $2000.00 in any action transferred by the Superior Court to the District Court for trial under G.L. c. 231, § 102C.

The pertinent part of § 102C reads:

"The Superior Court may of its own motion or on motion of a plaintiff or defendant, after determination by said Court that if the plaintiff prevails, there is no reasonable likelihood that the recovery will exceed two thousand dollars, transfer for trial of any action of tort or contract pending in said Court . . . to any District Court . . . in which it could have been brought . . ."

Rule 33A of the Rules of the Superior Court reads:

"Within two months after issues are joined, or within such further time as the Court may allow not to exceed six months after issues are joined, the plaintiff shall file with the clerk a statement setting forth the facts in full and itemized detail upon which the plaintiff then relies as constituting the damages.

"After such statement is filed, a copy thereof shall be given to the defendant within five days.

"Failure to file a statement as herein provided shall be the equivalent of a statement by the plaintiff that the evidence then

available to him would not warrant a reasonable likelihood that recovery will exceed two thousand dollars if the plaintiff prevails."[1]

The plaintiff was injured on February 8, 1964 and entered her action in the Superior Court on October 4, 1965. It was ordered transferred to the District Court on February 10, 1966 and was tried there in April of 1967.

The defendant's motion to expunge the finding of the District Court and order the case retransferred to the Superior Court without finding was properly denied. A remand case can be retransferred to the Superior Court in two ways. Before trial by an order of the Superior Court vacating its order of transfer or, under the statute, on the request of either party after a trial and finding. The District Court does not possess the power to order retransfer.[2]

The court's denial of the defendant's motion for a new trial on the issue of damages, or, in the alternative to order the plaintiff to remit so much of the finding that was in excess of $2000.00 was correct. To hold otherwise would hinder, if not destroy, the main purpose of the act. "This statute was enacted upon

---

[1] We are aware that transfer is invited by a plaintiff failing to file a statement.

[2] Such a right, if possessed, might tempt District Courts to retransfer cases without trial, many of the thousands of cases sent to them—12,585 in the court year ending June 30, 1967.

the recommendation of the Judicial Council to assist in solving the problem of congestion in Superior Court dockets.'' *Lubell* v. *First National Stores, Inc.,* 342 Mass. 161, 163. *McGloin* v. *Nilson,* 348 Mass. 716, 718.

After its passage most of the type of cases that it had been the practice of the Superior Court to refer to auditors were transferred for trial to the District Courts. Auditors are not restricted in awarding damages. In civil cases that are originally entered and remain in the District Courts for trial, there is no ceiling on damages. G.L. c. 218, §§ 4 and 19. All the opinions of the Supreme Judicial Court relating to the interpretation of § 102C have been written by Chief Justice. It is obvious from their reading that the Court has strived to make it procedurally effective.

In the Lubell case at page 164 the Court said:

"We must, if possible, construe § 102C in a manner which will be free from reasonable constitutional doubts. So guided, we conclude that the provisions of § 102C that a case should be transferred 'for trial' and 'shall be tried', prescribe a trial with all the normal incidents of procedure in the District Court.'' We construe the assessment of damages, without limitation as to the amount, to be a ''normal incident of procedure in the District Court.''

District Courts should not be hampered by a limitation on damages because we do not

think the legislature or Justices of the Superior Courts intended to deny to a plaintiff in these cases the full measure of his damages when, on the evidence, the liability of the defendant is established.

Support for this holding can also be found in the statute which provides that upon retransfer to the Superior Court "The decision of, *and the amount of damages assessed,* if any, by a district court shall be prima facie evidence upon such matters as are put in issue by the pleadings, and no other findings of such court shall at any time be admissible as evidence or become part of the pleadings." (emphasis supplied). See *Universal C.I.T. Credit Corp.* v. *Ingel,* 347 Mass. 119, 125.

The only statement in the present report as to damages follows:

> "At the trial there was evidence tending to show that the plaintiff as a direct consequence of the subject automobile accident sustained an acute lumbar back strain, contusion of both knees and an acute anxiety state; that the plaintiff was totally disabled from February 8, 1964 until June of 1964, and complained of pain in the affected area for an extended period thereafter, continuing up to the dates of trial."

This evidence does not show the amount of damages the plaintiff "reasonably" expected to recover on "The evidence then available to

her'' on December 4, 1965, the date on which her right to file a statement under Rule 33A expired. The evidence does show that she continued to complain of pain due to her injuries until April of 1967. It might well be that damages in excess of $2000.00 were awarded for disability and pain suffered by her subsequent to December 4, 1965. From the report we have no way of knowing. Such a separation on the issue of damages would be extremely burdensome in the trial of a case and do not think such a result was intended by the Justices of the Superior Court when they adopted Rule 33A or by the legislature when the statute was enacted. ''Legislative intent to this effect is unthinkable''. *Commonwealth* v. *Penta,* 352 Mass. 271.

The report should be dismissed for another reason. The defendant did not file a request for a ruling of law at the trial on the issue of damages or in any other way direct the judge's attention to the contentions asserted for the first time in his motions. It has long been the rule that a question of law cannot be raised as of right on a motion for a new trial which could have been raised at the trial on the merits unless the trial judge sees fit to entertain it. *Haines Corp.* v. *Winthrop Square Cafe, Inc.,* 335 Mass. 152, 154. *Orcutt* v. *Drillen,* 306 Mass. 617. *Peterson* v. *Hopson,* 306 Mass. 597, 600. *Kennedy* v. *Currier,* 293 Mass. 435, 439.

**The report is to be dismissed.**

ROBERT B. SHUMWAY
of Worcester for the defendant.
JAMES J. REARDON
of Worcester for the plaintiff.