*Municipal Court of the City of Boston*

No. 139933

**GEORGE MAHONEY, JR.**

**v.**

**CITY OF BOSTON**

Argued: June 4, 1971. Decided: July 14, 1971.

158

*Present:* Adlow, C. J., Morrissey, J.
Gorrasi, Spec. J.

Case tried to *DeGuglielmo, J.*

**Gorrasi, Spec. J.** Action of tort to recover under G.L.c. 84, § 15 for damages caused by a defect in a public way.

**There was evidence to the effect that** on Sunday, March 14, 1965 at approximately 9:00 p.m., a large hole on Congress Street, South Boston, near the railroad tracks, caused damage to the car of the plaintiff while he was operating his car on Congress Street. According to the attested copy of a publication of the Public Works Department of Boston, Congress Street was a public way from 30 Dock Square to New York, New Haven and Hartford Railroad. By agreement of the parties a sufficient notice was sent to the defendant city. Three photographs of the locus of the accident were received in evidence. There was a finding for the plaintiff. The defendant claims the locus of the accident was not a part of the public way.

The right of action against a city to recover for property damage suffered on account of a defect in a public way is created by statute. G.L.c. 84, §15. *Hurlburt* v. *Great Barrington,* 300 Mass. 524. *Longley* v. *Worcester,* 304 Mass. 580. *Whalen* v. *Worcester Electric*

Light., 307 Mass. 169, 174. The statute creates a limited right of action and not an unrestricted liability. The plaintiff must bring himself within the terms of the statute. *Ansel* v. *Boston,* 254 Mass. 208, 213 (City was not liable where pedestrian was not on public way when injured by defect, but was outside street lines, on paved approach to fire station) *Abihider* v. *Springfield,* 277 Mass. 125.

The liability of a municipality for defects in a public way is limited to the area used by the public within the street lines. No action lies against a municipal corporation for an injury which happened on a sidewalk built beyond the limits of a highway it was bound to keep in repair. *Stone* v. *Attleborough,* 140 Mass. 328.

The report has the statement, "This report contains all the evidence material to the questions reported." The evidence is the pictures and a certification by the Public Works Department of the city that Congress Street was a public way from 30 Dock Square to the tracks of the New York, New Haven and Hartford Railroad. The pictures show the location of the alleged defect at a point outside the street lines of the public way and at a point beyond the railroad tracks (there being one set of tracks) presumably under the control of the railroad.

There is no evidence that the plaintiff suffered property damage while on any portion of

the public way, Congress Street. There is no evidence that the defendant had a legal duty to keep in repair as a public way that part of the area where the accident took place. The burden was on the plaintiff to prove that the locus of the accident was part of a public way.

There was error in the court's refusal to grant defendant's request for ruling number 1 that the plaintiff "has failed to prove that the locus of his accident was a part of the public way." Upon the evidence the plaintiff should be given the opportunity to prove that the locus of the accident was part of a public way. **Finding for plaintiff vacated. New trial ordered.**

ARTHUR E. ROBBINS
of Medford for the plaintiff.
PHILIP G. CHESLEY
of Boston for the defendant.