Silva J.
This action is brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant in failing to keep *71 in repair a swing-set located on a public beach in and under the control and operation of the Town of Dennis.
The defendant answered, inter alia, that the court lacked subject matter jurisdiction. A Motion for Summary Judgment was filed based on lack of jurisdiction and failure to comply with a condition precedent requiring that a claim be filed with the selectmen of the town.
The Court entered the following “Memorandum and Order” granting Defendant’s Motion for Summary Judgment.
Defendant’s Motion for Summary Judgment raises 2 bases: (1) Whether this court has subject matter jurisdiction and (2) Whether the plaintiff is precluded by reason of his alleged failure to present his claim for damages to the selectmen of the defendant town.
The statute states that, ‘...The remedies provided by this Chapter shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the same employer.’ Ch. 258, §2. It is further provided that ‘all civil actions brought against a public employer on a claim for damages cognizable under this Chapter shall be brought in the county where the claimant resides.... The Superior Court shall have jurisdiction of all civil actions brought against a public employer.’ (Chapter 258, §4.)
The Court rules there is no jurisdiction in the district courts to adjudicate claims cognizable under General Laws Chapter 258 and orders that the complaint be dismissed for want of jurisdiction. Judgment is to enter accordingly.
Ruling No. 1. Allowed
Ruling No. 2. Deemed moot in view of ruling as to lack of jurisdiction.
Ruling No. 3. See No. 2
Ruling No. 4. See No. 2
There is no question that the Superior Court has exclusive jurisdiction for the adjudication of civil actions against public employers for injury or death caused by the negligent or wrongful act or omission of any public employee acting within the scope of his employment. G.L. c.258, §§2,3. The theory ofthe plaintiff s case is that an employee of the defendant T own was negligent in failing to discover the defect which subsequently caused the plaintiffs injury.
At a hearing on Plaintiffs Motion to Vacate Summary Judgment, the plaintiff argued that her claim is excluded from G.L. c.258 and that she has a cause of action at common law and under G.L. c.84.
The doctrine of sovereign immunity had its genesis in the English Maxim that the “King can do no wrong”. Feather v. The Queen (Q.B. 1865) 122 Eng. Rep. 1191. Prior to the enactment of St. 1978, c. 512 and at common law a municipality was liable to one injured on account of dangerous conditions of a public way that resulted from the negligence of its agents or servants in constructing or maintaining a project which was commercial in nature and undertaken for its own profit. The underlying test was whether the act was for the common good of all without the element of corporate benefit or pecuniary profit. If it was, there was no liability; if it was not, there may have been liability. Bolster v. Lawrence 225 Mass 387 (1917).
The Bolster case also involved a public beach and the court found no liability on the part of the City of Lawrence for the death of the plaintiffs intestate killed by the collapse of a bath house negligently maintained by the city.
G.L. c. 84, §15 imposes liability on cities and town for injuries sustained by reason of defects or a want of repair in or upon a way. The right of action against *72 a city to recover damages for personal injury to a traveller on account of a defect in a public way is created and limited by the statute. Hurlburt v. Great Barrington, 300 Mass. 524; Mahoney v. City of Boston, 46 Mass. App. Dec. 157 (1971). There can be no recovery under the statute except upon proof of a defect, and there can be no recovery outside of the statute for the additional reason that at common law no action will lie against a city to recover damages for personal injuries sustained by a traveller on account of the dangerous condition of a public way. Bolster v. City of Lawrence, 225 Mass 387.
In Farrell v. Branconmier, 337 Mass. 366 (1958), the court was confronted with the issue of whether or not the accident, in which the plaintiffs were injured, occurred “upon the ways of the Commonwealth” as referred to in G.L. c. 90,§34A,and defined in G.L. c.90,§1, the latter of which reads in part, “ ‘way’, any public highway, private way laid out under the authority of statute, way dedicated to public use, or way under the control of park commissioners or body having like powers”. The land on which the accident happened was taken by eminent domain by the town for park purposes. Over the years, a portion of the land evolved into a public parking area for the convenience of persons using the park or bathing in the adjacent ocean. No public or private ways were ever laid out or established by the Board of Park Commissioners on, through, or across the park. The Court affirmed the finding of the trial justice that “the place where the plaintiffs sustained their injuries was not: (a) a public highway; nor (b) a private way laid out under authority of statute; nor (c) a way dedicated to public use; nor (d) a way under the control of park commissioners or body having like powers”.
The complaint in this case does not allege that the injuries suffered by the plaintiff were caused by a defect in a public way. The area was more in the nature of a playground, not a way. The Superior Court is the proper forum for the adjudication of the plaintiff’s claim.
There being no error the report is dismissed.