Lenhoff, J.
The plaintiffs complaint, brought under G.L.c. 258 against the defendant City for alleged negligent maintenance of a hospital parking lot, was originally entered in the Superior Court. The action was transferred to the District Court on December 10, 1981 by order of the Superior Court, citing G.L.c. 231, §102C.
The Trial Court held a hearing on August 1, 1983 and its finding for the *117 plaintiff in the sum of $9,000.00 was docketed on September 6, 1983.
In reviewing the docket entries, there is no entry as per Dist./Mun. Cts. R. Civ. P., Rule 58(a) of judgment. This fact has apparently not been noticed by the involved attorneys or court personnel. It follows that the matter is not properly before this Division for the time to file a request for a report and/or draft report commences to run “after entry of judgment”. See Dist./Mun. Cts. R. Civ. P., Rule 64(c) (1) (i) and (ii). In these circumstances, the instant Report’s discharge is in order.
Had we considered the Trial Court’s entry of its findings on September 6, 1983 as an entry of judgment, the filing of the Report on September 22,1983 was untimely being sixteen (16) days instead of ten (10) days after judgment. Again, in such circumstances, the said Report’s discharge should follow.
Repeatedly, the Districts of the Appellate Division have held that seasonable filing is required to preserve the right to appellate review. See Dist./Mun. Cts. R. Civ. P., Rule 64(c) (1) (i) and (ii). Such rule has the force of law; and, failure to comply therewith halts the appeals process. Recently in the case of Donovan v. Berkshire Gas Company, et als. decided April 6,1984, the opinion of Turcotte, P. J., restates this aspect of Rule 64 and fully discusses it, citing therein Locke v. Slater, 387 Mass. 682, 686 (1982).
Regardless of the fact that a discharge of this Report is in order, we note that the Defendant’s denied Request for a Ruling of Law No. 4 raises the question of jurisdiction in the District Court Department, to hear a case brought under Chapter 258 of the General Laws. Thus, it had come to our attention; and, being a jurisdictional matter, we cannot overlook same. In fact, we are duty bound to determine whether this Department does possess power and authority to entertain said Chapter 258 proceedings.
We recognize that any court is required to take notice of lack of jurisdiction whenever it appears “whether by suggestion of a party or otherwise”. See Litton Business Supplies Inc. v. Com’r of Revenue, 1981 Mass. Adv. Sh. 1207, 1210. Patry v. Liberty Mobilehome Sales, Inc. 15 Mass. App. Ct. 701, 704 (1983). Also, in said Litton case supra, the Court points out at page 1210 that “subject matter jurisdiction cannot be conferred by consent, conduct or waiver.”
The Trial Court’s denial of said defendant’s Request No. 4 setting forth therein that the Superior Court shall have jurisdiction over actions instituted pursuant to G.L.c. 258 contains the following verbiage: “The District Court has jurisdiction of this case as a transfer or remanded case pursuant to MGLA, c. 231, §102C, which provides in pertinent part: ‘The Superior Court may . .. transfer for trial. . . any civil action pending in said court... to any district court
The Trial Court apparently harbored the opinion that the Superior Court, by reason of said §102C, had the right, power and authority to place this case within the District Court for trial. We, however, do not hold a like view.
Our position recognizes that the District Courts have original and concurrent jurisdiction with the Superior Court of all civil actions in which money damages are sought. See G.L.c. 218, §19. Such language clearly deprives the District Courts of general equity powers, except those specifically mentioned in said G.L.C. 218. See G.L.c. 218, §19C conferring original jurisdiction in rem and personam of actions arising under G.L.c. Ill, §§127Ato 127K, inclusive. Consequently, if a case seeking injunctive relief to demolish a trespassing structure were transferred to the District Court under G.L.c. 231, § 102C, there wouldn’t be any question that such transfer was legally ineffectual.
In the case at bar, we believe the General Court’s language appearing in *118 G.L.c. 258, §3 limits and restricts jurisdiction of all civil actions brought against a public employer solely to the Superior Court. We hold that the contents of said §3 effectually excludes the District Court as a forum for cases of this particular nature. See Goes v. Feldman, 8 Mass. App. Ct. 84, 87 (1979) where it is stated that the Housing Court did not have subject matter jurisdiction over G.L.c. 93A cases until the enactment of curative legislation. So it is here, that until there is curative legislation, the District Courts are not authorized or empowered to hear and determine G.L.c. 258 claims or cases. The accuracy of the aforestated conclusion comes into greater focus when we recall the inability of the District Courts to hear G.L.c. 93A cases until the enactment of Capter 478, §48 of the Acts of 1978. That enactment amended G.L.c. 93A, § 11 enabling actions under said § 11 to be tried in District Courts for same, thereby conferring such jurisdiction on said courts. Prior to obtaining said Chapter 93A jurisdiction, a transfer of a case to the District Court by the Superior Court was in error.
Likewise, we hold it is error to presently transfer G.L.c. 258 cases to this Department while the statutory authority to hear same is lacking.
Concluding, the Report be and is hereby discharged.
Further, as we have determined that the District Court is without jurisdiction, the findings heretofore made on which judgment should have been entered, must be set aside and excised from the record. (Had judgment been entered, same would have been vacated.) The matter is to remain in the District Court awaiting appropriate action in the Superior Court for a rétr'ansfér'to that tribunal. ’