Doyle, P.J.
. This is an action in tort in which the defendant-tenant seeks to recover damages for personal injuries sustained in a fall on premises maintained in an allegedly negligent manner by the defendant. The defendant, a municipal housing authority, is a “public employer” as defined by G.L. c.258, § 1 et. seq., the Massachusetts Tort Claims Act.
This action was instituted in the Somerville Division of the District Court Department and thereafter removed by the defendant to the Superior Court Department for a jury trial. The case was transferred back to the Somerville Division in an exercise of the superior court’s G.L. c.231, §102C remand authority. A trial was scheduled. Midway through such trial, the defendant filed a Dist./Mun. Cts. R. Civ. P., Rule 41 (b) (2) motion to dismiss on the grounds that the plaintiff had failed to satisfy the G.L. c.258 statutory prerequisites to suit against a public employer. Specifically, the defendant asserted a failure by the plaintiff to introduce evidence of her compliance with G.L. c.258, §4 which mandates claim presentment in the form of written notice within two years of injury to the executive director of a public employer. The trial justice allowed the defendant’s Rule 41(b) (2) motion to dismiss and judgment was entered for the defendant.
1. Although the plaintiffs position on this appeal is inherently contradictory *172 and illogical,[1] hei; charge of error in the district-court proceedings did serve to delineate a critical issue herein of subject matter jurisdiction.
Section 2 of G.L. c.258 establishes that the statutory procedures outlined in the Tort Claims Act constitute the exclusive remedy for wrongful acts or omissions by public employers. The plaintiffs claim for damages for injuries resulting from the alleged negligence of a municipal housing authority could be deemed actionable only if cognizable under G.L. c.258. Section 3 of G.L. c.258 expressly states that the “superior court shall' have jurisdiction of all civil actions brought against a public employer.” As G.L. e.258jurisdiction has been statutorily conferred upon the Superior Court Department,[2] it is evident that the Somerville Division of the District Court Department lacked the requisite subject matter jurisdictipn to entertain and resolve the case-at bár. See Irwin v. Commissioner of Department of Youth Services, 388 Mass. 810, 817-819 (1983); Wetherell v. Boston Mut. Life Ins. Co., 18 Mass App. Ct. 614, 616-617 (1984); Olson v. Town of Dennis, 1983 Mass. App. Dov. 70, 71. Thus the district court’s hearing and Rule 41 (b) (2) dismissal of this case were nullity and must, accordingly, be vacated.
2. Unfortunately, the vacating of judgment does not-totally eliminate the issue of jurisdiction in this case; a judicial administrative obstacle remains to be overcome before this case can be heard in a court of competent jurisdiction. A pretrial resolution of-a jurisdictional issue is ordinarilly effected by the simple filing of a Dist./Mun. Cts. R. Civ. P., Rule 12(b) (1) motion to dismiss. The defendant herein instead elected to pursue a self-defeating G.L. c.231, §104 removal of the case to the Superior Court Department. The superior court then erroneously retransferred the action under G.L; c.231, § 102C to' a district court which clearly lacked subject matter jurisdiction of the statutory cause of action. It is this outstanding §102G remand order which constitutes the administrative obstacle to further proceedings in this case.
There is; of course,, no basis for any suggestion that either the defendant’s § 104 removal request or the superior court’s §-102C transfer order in anyway vested subject matter jurisdiction in a district court not otherwise empowered to entertain the case. Spencer v. City of Worcester, 1984 Mass. App. Div. 116, 117. It is elementary that subject mattér jurisdiction cannot be conferred by consent, conduct or waiver, see, generally, Litton Business Systems, Inc. v. Commissioner of Revenue, 383 Mass. 619, 622 (1981); Shea v. Neponset River Marine & Sportfishing, Inc., 14 Mass. App. Ct. 121, 129 (1982), or by the administrative fiat of a judicial department. Section 102C of G.L. c.231, which was enacted in 1958 solely to relieve then existing superior court docket congestion, McCloin v. Nilson, 348 Mass. 716, 718 (1965); Lubell v. First Nat’l Stores, Inc., 342 Mass. 161, 163 (1961) embodies merely an administrative mechanism for the shifting of caseloads from one trial court department to another.
Revocation of a G.L. c.231, .§102C transfer order may be sought upon a party’s initiative by a written motion filed in the Superior Court Department pursuant to Standing Order 1-86, Par. 4. Unfortunately, no other formal *173 method of correcting erroneous transfers appears to be presently operative. See Weiss v. Magaw, 39 Mass. App. Dec. 48, 51 (1967). As a practical matter, a district court can neither hear a remand case which is beyond the scope of its subject matter jurisdiction, nor sua sponte reverse the G.L. c.231, §102C transfer order to return the case to a superior court. We note that subject matter jurisdictional problems between trial court departments are appropriately directed to the Chief Administrative Justice who is peculiarly empowered to resolve them. See Konstantopoulos v. Whately, 384 Mass. 123, 129 (1981), citing G.L. c.21 IB, § 9. A simpler procedure entailing direct district court screening and retransfer of cases would constitute a more efficient solution to the problem.
3. The trial court’s judgment for the defendant is hereby vacated. This matter is returned to the Somerville Division of the District Court Department to be forwarded to the Chief Administrative Justice for transfer to the appropriate department of the trial court or for such other relief as is deemed appropriate.

 JThe plaintiffs written “brier consists of one ana one-half typewritten pages, less thap one hundred words of which is devoted to legal argument and analysis. See, as to inadequate briefs, Weinstein v. Steigman, 1983 Mass. App. Div. 288, 290 and cases cited. The plaintiff argues simultaneously that the district court’s judgment must be vacated because the court lacked subject matter jurisdiction and that a new trial in the district court should be ordered.

 The Superior Court Department’sj urisdiction is not exclusive, for the Housing Court Department isempowered to entertain housing-related c.258 cases. See Harker v. City of Holyoke, 390 Mass. 555, 558(1983).