Doyle, P.j.
This is an action pursuant to the Massachusetts Tort Claims Act, G.L. c.258, to recover damages for personal injuries allegedly suffered by the minor plaintiff, Davina James, in consequence of a shattered window in a building owned by the defendant, Boston Housing Authority.
The defendant filed a Dist./Mun. Cts. R. Civ. P., Rule 12 (b) (6) motion to dismiss on the grounds that the plaintiffs had failed to allege their compliance with the G.L. c.258, §4 presentment requirements which are a statutory condition precedent to suit. The trial court allowed the defendant’s dismissal motion, and judgment was entered for the Boston Housing Authority on July 20, 1987.
On August 18,1987, the plaintiffs submitted a “Motion to Remove Dismissal of the Plaintiffs’ Complaint” predicated on Chapter 343 of the Acts of 1987 which was enacted on July 23,1987. Section 3 of Chapter 343 provided:
“Section four of chapter two hundred and fifty-eight of the General Laws shall not apply to any civil action brought against a housing authority ... on a cause of action which arose prior to May seventh, nineteen hundred and eighty-seven.”[3]
The defendant argued in opposition to the plaintiffs’ motion that Chapter 343’s elimination of the G.L. c.258, § 4 presentment requirements in certain housing authority cases could not be applied retroactively to cure the defect in the instant action.
The trial court denied the plaintiffs’ Motion to Remove the Dismissal. The plaintiffs are now before this Division on a charge of error in the trial court’s ruling.
1. Any consideration of the statutory construction issue framed by this appeal is precluded by the jurisdictional limits of the district courts which do not encompass G.L. c.258 claims.
The plaintiffs’ cause of action is purely statutory. The defendant, Boston Housing Authority, is a “public employer” as that term is defined in G.L. c.258, §1. Commesso v. Hingham Housing Authority, 399 Mass. 805, 807 (1987); Marks v. Needham Housing Authority, 22 Mass. App. Ct. 901 (1986). Any injuries sustained by the plaintiffs in consequence of the defendant’s negligence *31 are remediable, therefore, solely in accordance with the statutory provisions of G.L. c.258. See G.L. c.258, §2. Section 3 of C.258 expressly states that the “superior court shall have jurisdiction of all civil actions brought against a public employer.” As we recently held in Keel v. Cambridge Housing Authority, 1987 Mass. App. Div. 171, it is evident from this grant of c.258 jurisdiction to the superior court that the district court lacks the requisite subject matter jurisdiction to entertain and resolve a Massachusetts Tort Claims Act case.[4] Id. at 172, citing Irwin v. Commissioner of D.Y.S., 388 Mass. 810, 817-819 (1983); Wetherell v. Boston Mut. Life Ins. Co., 18 Mass. App. Ct. 614, 616-617 (1984); Olson v. Town of Dennis, 1983 Mass. App. Div. 70, 71.
2. The trial court’s judgment for the defendant upon its Rule 12(b) (6) motion is hereby vacated. An order is to enter dismissing this case for lack of subject matter jurisdiction.[5]

 The plaintiffs injuries were allegedly sustained on June 25,1984. The plaintiffs’ cause of action thus arose prior to May 7,1987, and would appear to be within th'e literal scope of Chapter 343.

 See Harker v. City of Holyoke, 390 Mass. 555, 558 (1983) as to Housing Court jurisdiction in G.L. c.258 cases.

 The plaintiffs correctly observe that the customary statute of limitations problem which often attends the commencement of a new action in the proper forum after a dismissal or lack of subject matter jurisdiction does not arise here. Plaintiff.Davina James is a minor. The applicable period of limitations for claims brought on her behalf is tolled by Q.L. c.260, §7 until she reaches the age of majority. Hernandez v. Boston, 394 Mass. 45, 48-49 (1985).