LoConto J.
This is a report of a case in accordance with G.L.c. 218, §23. The essential facts of the case are not in dispute and were stipulated by the parties. The action involves nine separate small claims actions against the City of Gardner and its mayor, Charles Manca, by nine individual police officers seeking damages representing two days’ pay that had been deducted from their regular weekly salaries. The parties have stipulated, in part, to the following:
That at all times pertinent hereto, the plaintiffs were employed as permanent full time police officers for the Gardner Police Department.
That at all times pertinent hereto, there was in existence a collective bargaining agreement between the plaintiffs and defendants.
That contained within the collective bargaining agreement were certain provisions as they pertain to sick leave, grievance and arbitration procedures.
That on or about January 11, and January 12, 1991, the plaintiffs notified their *200 respective supervisors that they were ill and would not be in to work.
That on or about January 18, 1991, the plaintiffs received a full week’s pay for the week ending January 12, 1991. Two days were as sick leave.
That certain correspondence was sent and received by Bernard DiPasquale, President, I.B.P.O. Local 380, and Mayor Charles J. Manca.
That on or about February 8,1991, the plaintiffs received their regular paychecks, which had been reduced by the defendants in an amount representing two days’ pay. The deduction was without the plaintiffs’ consent.
That the plaintiffs agree that they were aware not later than January 27,1991, that the mayor wrote twice to the local union president, Bernard DiPasquale, informing him of the city’s intention to consider the "called in sick” episode as a violation of state law, an unfair and prohibited labor practice and a request for physician statements to confirm an inability to work on account of sickness.
The defendants filed a motion to dismiss all nine claims grounded on the plaintiffs’ failure to resolve the dispute in accordance with the Grievance and Arbitration procedures set forth in the collective bargaining agreement. The trial judge allowed the defendants’ motion and reported what appeared to him a case of first impression affecting the collective bargaining rights of both the municipality and its employees. The trial judge reported all issues fairly raised by the motion to dismiss, including but not limited to the following:
1. Does the presence of a grievance and arbitration procedure in the collective bargaining agreement, namely Article VI, item 1 pursuant to General Laws Chapter 150E, §8, prohibit the parties from utilizing the small claims procedure in the District Court?
2. Does the failure of the plaintiffs to utilize the arbitration and grievance procedure of the contract amount to a failure to exhaust administrative remedies and thus deprive the court of jurisdiction of the matter in small claims?
3. Under General Laws Chapter 150E, §11, does not exclusive jurisdiction of prohibited practices rest with the Labor Relations Commission and then with the Appeals Court under General Laws Chapter 30A, §14?
4. Where there is an agreement to arbitrate in a collective bargaining agreement, does not c. 150C of the General Laws limit court access to the Superior Court and not the District Court small claims division?
5. Does General Laws Chapter 258, §3 limit all small claims against the City of Gardner to the Superior Court?
Without deciding the issues raised in questions 1 through 4, we answer number 5 in the affirmative and rule that the District Court Department lacks subject matter jurisdiction of all civil actions brought against a public employer. Spencer v. City of Worcester, 1984 Mass. App. Div. 116; Kiel v. Cambridge Housing Authority, 1987 Mass. App. Div. 171.
Pursuant to G.L.c. 258, §3, all civil actions brought against a public employer on a claim for damages as above must be brought in the Superior Court. By definition a city or any office which exercises direction and control over a public employee is a public employer. G.L.c. 258, §1. Further, subject matter jurisdiction cannot be conferred by consent, conduct or waiver. Litton Business Systems, Inc. v. Commissioner of Revenue, 383 Mass. 619 (1981).
The plaintiffs elected to institute these claims pursuant to the small claims procedures in the District Court thereby forfeiting the ability to have their claims retransferred to the Superior Court. Compare: G.L.c. 231, §102C.
Therefore, we answer question five in the affirmative and, to the extent that the plaintiffs are the aggrieved party, we dismiss the report.