TRUSTEES OF WORCESTER STATE HOSPITAL[1] *vs.*
THE GOVERNOR, & others.[2]

Worcester. February 6, 1985. — July 11, 1985.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Constitutional Law*, Constitutional challenge by government agency. *Practice, Civil*, Standing.

Under this court's holding in *Spence* v. *Boston Edison Co.*, 390 Mass. 604, 610 (1983), the trustees of Worcester State Hospital, as a governmental entity within the Department of Mental Health, lacked standing to bring an action against the Governor, other State officials, and a nonprofit development corporation challenging the constitutionality of State statutes under which the defendant officials intended to convey to the corporation certain real property to which the trustees claimed title. [380-381]

CIVIL ACTION commenced in the Superior Court Department on October 12, 1983.

Motions to dismiss were heard by *Mel L. Greenberg*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*William F. Scannell, Jr.* (*Lucia C. Scannell* with him) for the plaintiffs.

---

[1] Five of the trustees, Margaret M. Donovan, chairman, George A. Haddad, Gail R. Watson, Marilyn R. Helfenbein, and Arthur J. Moore personally commenced this action. Richard J. Glavin, also a trustee, has not joined in the action.

[2] James J. Callahan, Jr., individually and as he is the Commissioner of the Department of Mental Health; the Attorney General; the Commonwealth; the Deputy Commissioner of the Division of Capital Planning and Operations; and the Worcester Business Development Corporation.

*David P. Grossi* for Worcester Business Development Corporation.

*H. Reed Witherby*, Assistant Attorney General, for the Governor & others.

O'CONNOR, J. Worcester State Hospital is a State facility under the control of the Department of Mental Health (D.M.H.). G. L. c. 19, § 14A (1984 ed.). The trustees serve in the D.M.H., G. L. c. 19, § 14 (1984 ed.), and they are "a corporation for the purpose of taking and holding . . ., in trust for the commonwealth, any grant or devise of land . . . made for the use of [the hospital]." G. L. c. 19, § 14B (1984 ed.).

By St. 1980, c. 579, § 10, the Legislature provided: "Title to real property held in the name of a state agency, or the board of trustees of a facility of a state agency, shall be transferred to the name of the commonwealth; and shall be subject to the jurisdiction of the division of capital planning and operations as provided for by Sections 11-13 of this act. All state agencies shall cooperate with the deputy commissioner of capital planning and operations in effecting such transfer of title."[3] When that statute was enacted, the trustees held title to the land involved in this case (the hospital land).

Pursuant to the provisions of G. L. c. 7, §§ 40E-40L, inserted by St. 1980, c. 579, § 12, and with the concurrence of the then commissioner of D.M.H., the division of capital planning and operations declared the hospital land surplus, and, in 1983, the defendant deputy commissioner recommended that

[3] By St. 1984, c. 484, §§ 13-15, approved on January 7, 1985, and effective 90 days thereafter, the Legislature amended G. L. c. 7, § 40E, as previously amended by St. 1984, c. 189, § 6. General Laws c. 7, § 40E (1984 ed.), now contains the following paragraph: "Real property, record title to which is held in the name of a state agency or the board of trustees of a state agency or similar board of a state agency, shall be deemed to be real property of the commonwealth. No deed or other instrument shall be required to effect the transfer to the commonwealth of title to such real property, but the land court department of the trial court shall, upon petition of the division of capital planning and operations, issue in the name of the commonwealth a certificate of title to any real property, title to which is registered under chapter one hundred and eighty-five in the name of a state agency or the board of trustees of a state agency or similar board of a state agency."

the defendant Worcester Business Development Corporation be designated as the developer of a biomedical technology park on the land. Thereafter, the Legislature authorized the deputy commissioner to transfer the land to Worcester Business Development Corporation. St. 1983, c. 317, § 1. Worcester Business Development Corporation is a nonprofit corporation created by the Legislature in 1965 to promote the development and expansion of business and employment opportunities in Worcester. St. 1965, c. 600, § 4.

Asserting rights as trustees, and as representatives of the patients at Worcester State Hospital,[4] the plaintiffs brought this action to obtain the court's declaration that, despite the enactment of St. 1980, c. 579, § 10, and St. 1983, c. 317, § 1, (1) the trustees continue to own the hospital land, (2) the designation of that land as surplus and its transfer to Worcester Business Development Corporation are unlawful, and (3) the planned sale of the land by Worcester Business Development Corporation is also unlawful. The plaintiffs' complaint also alleges that the defendants have violated the trustees' and the patients' civil rights protected by 42 U.S.C. § 1983 (1982).[5] The plaintiffs seek not only a declaration of rights, but also damages from the Commonwealth for the alleged unlawful taking of their property and injunctive relief that would prevent the transfer of the land to Worcester Business Development Corporation and the subsequent sale of the property by Worcester Business Development Corporation. Lastly, the plaintiffs ask the court to order the Commissioner of the D.M.H. and the Attorney General to "take appropriate action to see that the Commonwealth . . . and [the Governor] do not carry through with the sale" of the hospital land.

---

[4] Although the plaintiffs purport to assert claims in their individual capacities, their assertions relate solely to their roles as trustees and as alleged representatives of the patients.

[5] In relevant part, 42 U.S.C. § 1983 (1982) provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Worcester Business Development Corporation filed in the Superior Court a motion to dismiss the action on two grounds: first, that the plaintiffs failed to state a claim upon which relief may be granted; and second, that the trustees lack standing to bring the action. The other defendants filed a motion to dismiss based on lack of standing. A judge of the Superior Court, agreeing that the plaintiffs lack standing to bring the action, allowed the defendants' motions, and judgment for the defendants was entered. We agree with the defendants and the motion judge that the plaintiffs lack standing to bring this action. Therefore, we affirm the judgment of the Superior Court.

Governmental entities, such as the trustees of Worcester State Hospital, "may not challenge the constitutionality of State statutes . . . [nor] the constitutionality of the acts of another of the State's agencies" (citations omitted). *Spence* v. *Boston Edison Co.*, 390 Mass. 604, 610 (1983). A brief discussion of the plaintiffs' claims as trustees will suffice to show that these claims involve challenges to the constitutionality of St. 1980, c. 579, § 10, and of St. 1983, c. 317, § 1, and that, therefore, they are precluded by our holding in *Spence* v. *Boston Edison Co.*, *supra*. The gravamen of the claim against the Commonwealth for damages is that the State defendants, acting in conformity with St. 1980, c. 579, § 10, and with St. 1983, c. 317, § 1, without a formal order of taking or notice as required by G. L. c. 79, and without compensation, effectively have taken, or intend to take, the hospital land. The plaintiffs contend that the "taking" is unconstitutional because the statutes purporting to authorize it are themselves unconstitutional. The *Spence* case bars precisely that type of constitutional challenge.

Similarly, the claims that the trustees own the hospital land, and that designation of the land as surplus and transfer of the land to Worcester Business Development Corporation are unlawful, rest on the alleged unconstitutionality of the statutes authorizing those actions. The plaintiffs, as a governmental corporate entity, lack standing to seek declaratory or injunctive relief, or relief by way of mandamus, based on those constitutional challenges. *Spence* v. *Boston Edison Co.*, *supra* at 610.

Furthermore, governmental entities "cannot assert a cause of action under 42 U.S.C. § 1983." *Id.* at 608.

The plaintiffs' claim that they have standing to sue on behalf of the hospital patients requires little discussion. In their brief, the plaintiffs argue in support of that claim only that the motion judge "should not have dismissed this action, but, rather should have allowed a reasonable time for plaintiffs to obtain a substitute representative for the patients. Mass. R. Civ. P. 17 (a), [365 Mass. 763 (1974)]." We reject that contention. The record does not disclose that the plaintiffs requested that time from the motion judge. Furthermore, the plaintiffs do not argue in their brief the merit of any claims that the patients might have to the hospital land. We note that the then commissioner of D.M.H., the State agency charged by the Legislature with taking "cognizance of all matters affecting the mental health of the citizens of the commonwealth and the welfare of the mentally retarded," G. L. c. 19, § 1 (1984 ed.), concurred in the declaration of the hospital land as surplus.

*Judgment affirmed.*