# RESCRIPT OPINIONS.

GEORGE MARKS vs. NEEDHAM HOUSING AUTHORITY & others.[1] April 4, 1986. *Housing Authority. Massachusetts Tort Claims Act.*

1. The provisions of the concluding paragraph of G. L. c. 121B, § 29, inserted by St. 1969, c. 751, § 1, did not authorize the maintenance of the present action by the remaining plaintiff (plaintiff) so far as the action sought declaratory relief against the housing authority or its members. *Sullivan* v. *Fall River Housing Authy.*, 348 Mass. 738, 739 (1965). See also *West Broadway Task Force, Inc.* v. *Commissioner of Dept. of Community Affairs*, 363 Mass. 745, 749-750 (1973); *Commissioner of Dept. of Community Affairs* v. *Medford Housing Authy.*, 363 Mass. 826, 829 (1973). We need not decide whether declaratory relief might have been obtained under G. L. c. 231A because, with the authority's unchallenged abolition of the position aspired to by the plaintiff, such relief was no longer available. *Stokes* v. *Superintendent, M.C.I., Walpole,* 389 Mass. 883, 886-887 (1983). *International Marathons, Inc.* v. *Attorney Gen.,* 392 Mass. 376, 379-380 (1984). 2. The plaintiff stipulated below that he no longer seeks an award of money damages against the individual members of the authority. He has lost any claim for damages against the Secretary (if he ever had one) by failing to argue it on appeal. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). *Ferragamo* v. *Massachusetts Bay Transp. Authy.*, 395 Mass. 581, 592 n.13 (1985). 3. If the plaintiff ever had a claim for damages against the authority arising out of its alleged failure to comply with the tenant preference provisions of the regulation promulgated by the Department of Community Affairs (see *Dinsky* v. *Framingham,* 386 Mass. 801, 804-805, 809-810 [1982]), the claim was in tort (*Irwin* v. *Ware,* 392 Mass. 745, 754-762 [1984]; *Newell-Blais Post #443, Veterans of Foreign Wars of the United States, Inc.* v. *Shelby Mut. Ins. Co.,* 396 Mass. 633, 636-637 [1986]) and fell squarely within the ambit of G. L. c. 258, § 2 (an "injury . . . caused by the . . . wrongful act or omission of . . . public employee[s] while acting within the scope of [their] office[s] or employment").[2] The provisions of G. L. c. 23B, §§ 1, 9 and 10A, the provisions of G. L. c. 121B,

---

[1] The individual members of the authority and the Secretary of Communities and Development (G. L. c. 23B, § 1).

[2] All references herein to particular provisions of G. L. c. 258 are to the provisions which appeared in St. 1978, c. 512, § 15.

§§ 3, 6, 11(*k*) and (*m*), 12, fourth par., 26(*m*), 28, 29, first par., 30, 31, first and fifth pars., 34, first and eleventh pars., 34B, fourth par., and 40(*f*), and perhaps other of the provisions of G. L. c. 121B (see *West Broadway Task Force, Inc.* v. *Commissioner of Dept. of Community Affairs,* 363 Mass. at 748 & n.4) preclude a determination that a housing authority (G. L. c. 121B, §§ 1 and 3) is an "independent body politic and corporate" as those words are used in the definition of "[p]ublic employer" found in G. L. c. 258, § 1. Contrast *Kargman* v. *Boston Water & Sewer Commn.,* 18 Mass. App. Ct. 51 (1984). It was common ground at the argument that the plaintiff had never made presentment of a claim for damages against the authority in the manner required by G. L. c. 258, § 4. Accordingly, any such claim was barred by that section. *Pruner* v. *Clerk of the Superior Court in the County of Norfolk,* 382 Mass. 309, 315-316 (1981). *Weaver* v. *Commonwealth,* 387 Mass. 43, 45-46, 47-48, 49 (1982). *Vasys* v. *Metropolitan Dist. Commn.,* 387 Mass. 51, 55-56 (1982). *Spring* v. *Geriatric Authy. of Holyoke,* 394 Mass. 274, 283 (1985). That being so, we need not decide whether the authority had an additional defence under G. L. c. 258, § 10(*b*). See *Irwin* v. *Ware,* 392 Mass. at 752-754; *Cady* v. *Plymouth-Carver Regional Sch. Dist.,* 17 Mass. App. Ct. 211, 212-216 (1983).

*Judgments affirmed.*

*Sondra Long Shick* for the plaintiff.

*Joan C. Stoddard,* Assistant Attorney General, for the Secretary of Communities and Development.

*Michael Eby* for Needham Housing Authority & others.