MABEL L. COMMESSO *vs.* HINGHAM HOUSING ·AUTHORITY; TOWN OF HINGHAM, third-party defendant.

Plymouth. March 3, 1987. — May 7, 1987.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Housing Authority. Massachusetts Tort Claims Act. Notice*, Timeliness. *Practice, Civil*, Presentment of claim under Massachusetts Tort Claims Act. *Limitations, Statute of. Words*, "Public employer," "Independent body politic and corporate."

In an action by a tenant against a municipal housing authority to recover damages for personal injuries allegedly sustained when she slipped and fell on ice in the driveway of her residence, the authority's motion for summary judgment was correctly allowed on the basis of the plaintiff's failure to comply with § 4 of G. L. c. 258, the Massachusetts Tort Claims Act, where the authority, a "public employer" within the meaning of G. L. c. 258, § 1, was entitled to notice pursuant to § 4 and where, although the presentment requirements of that section were satisfied, the plaintiff had acted prematurely in commencing her action before the running of the prescribed six-month period following presentment of her claim; however, this court's affirmance, on report by a judge of the Superior Court, was without prejudice to the plaintiff's commencing a new action within the applicable three-year period of limitations. [807-810]

CIVIL ACTION commenced in the Superior Court Department on July 17, 1985.

A motion for summary judgment was heard by *George Jacobs*, J., and the case was reported by him to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Bartholomew V. Earle* for the plaintiff.

*Robert A. Curley, Jr. (Ernest K. Edie* with him) for Hingham Housing Authority.

*Chester A. Janiak* for the town of Hingham.

The following submitted briefs for amici curiae:

*James M. McCreight, Richard M. W. Bauer, & Charles Harak* for Tenants United for Public Housing Progress & another.

*Rod Solomon, George K. Weber, & Myles W. McDonough* for Boston Housing Authority.

*Erik Lund & John Egan* for Cambridge Housing Authority & others.

*Alexander Kovel & Bernard M. Ortwein* for Massachusetts Chapter, National Association of Housing and Redevelopment Officials & others.

LYNCH, J. A judge of the Superior Court in Plymouth County reported the present case to the Appeals Court for a determination whether the defendant, Hingham Housing Authority (authority), was entitled to the allowance of its motion for summary judgment. We transferred the case to this court on our own motion. The plaintiff, Mabel L. Commesso, brought an action for personal injuries sustained on February 11, 1985, when she slipped and fell on ice in a driveway at her residence which is owned and maintained by the authority. On February 28, 1985, she served notice of the incident to the authority. The notice, captioned as being pursuant to G. L. c. 84, § 21,[1] was served to Gretchen Condon, manager and "duly authorized agent" for the authority, and was posted on the front of the building where the incident occurred.

On July 17, 1985, the plaintiff filed suit against the authority. On June 20, 1986, a judge granted summary judgment in favor of the authority on the basis of *Marks* v. *Needham Hous. Auth.*, 22 Mass. App. Ct. 901 (1986). The Appeals Court in *Marks* v. *Needham Hous. Auth.*, *supra*, held that a housing authority was not an "independent body politic and corporate" within the meaning of § 1 of the Massachusetts Tort Claims Act, G. L. c. 258, and that the plaintiff's claim against the authority was barred for failure to comply with the notice requirements of G. L. c. 258, § 4.

---

[1] General Laws c. 84, § 21 (1984 ed.), requires notice to private property owners of actions for injuries "founded upon the defective condition of their premises, or of adjoining ways, when caused by or consisting in part of snow or ice resulting from rain or snow and weather conditions . . . ."

The plaintiff in the present case claims that the authority is an independent body politic, and not a public employer entitled to notice under the Massachusetts Tort Claims Act. The authority claims that *Marks* v. *Needham Hous. Auth., supra,* was correctly decided and mandated summary judgment since the plaintiff did not comply with the notice requirements of G. L. c. 258, § 4. We agree that *Marks, supra,* was correctly decided and that summary judgment for the authority was proper.

Housing authorities, including the defendant authority, are public employers within the meaning of G. L. c. 258, § 1. The principal source of legislative purpose is the statutory language itself. *Hoffman* v. *Howmedica, Inc.,* 373 Mass. 32, 37 (1977). Where language is plain and unambiguous there is no need to resort to legislative history. *Id.* The plain language of G. L. c. 258, § 1 (1984 ed.), defines "public employer" as "the commonwealth and any county, city, town, educational collaborative, or district, including any public health district : . . , and any department, office, commission, committee, council, board, division, bureau, institution, agency or *authority* thereof which exercises direction and control over the public employee . . ." (emphasis supplied). The statute exempts from the definition of public employer a "private contractor with any such public employer, the Massachusetts Bay Transportation Authority, the Massachusetts Port Authority, the Massachusetts Turnpike Authority, or any other independent body politic and corporate." G. L. c. 258, § 1. The definition of "public employer," has clearly included a town "authority" since the statute was amended in 1981. See St. 1981, c. 179. Further, this court has held that housing authorities are public employers for purposes of G. L. c. 150, § 1, the labor relations statute. *Boston Hous. Auth.* v. *Labor Relations Comm'n,* 398 Mass. 715, 717 (1986).

A housing authority is a "public body politic and corporate" organized pursuant to G. L. c. 121B.[2] General Laws c. 121B

---

[2] General Laws c. 121B is the enabling statute for housing authorities. General Laws c. 121B, § 1 (1984 ed.), defines "[h]ousing authority" as "a public body politic and corporate created pursuant to section three or corresponding provisions of earlier laws."

regulates the creation, powers, and liabilities of the authorities. The Appeals Court in *Marks* v. *Needham Hous. Auth., supra* at 902, reasoned that the provisions of c. 121B, precluded a determination that the housing authority was an "independent body politic and corporate" and therefore exempt from the requirements of G. L. c. 258. We agree.

In *Kargman* v. *Boston Water & Sewer Comm'n*, 18 Mass. App. Ct. 51 (1984), the Appeals Court set out a two-part test for determining whether an entity is an "independent body politic and corporate" within the meaning of G. L. c. 258. We believe that the *Kargman* test is a valid method of making such a determination. Basically, the benchmarks are financial and political independence. *Kargman* v. *Boston Water & Sewer Comm'n, supra* at 56-57. The enabling legislation for housing authorities evidences the significant control which the Commonwealth exerts over the authorities. Housing authorities are created pursuant to G. L. c. 121B, which regulates the creation, powers, and liabilities of the authorities. The Department of Community Affairs for the Commonwealth promulgates rules and regulations "prescribing standards and stating principles governing the planning, construction, maintenance and operation of clearance and housing projects by housing authorities." G. L. c. 121B, § 29 (1984 ed.). Furthermore, the 1971 amendment to G. L. c. 121B, § 32, placed restrictions on the amounts of rents that could be charged by the authority. See St. 1971, c. 1114, § 1. This is in direct contrast to the power to fix, charge, and collect revenues from projects under their control, granted to those entities which are explicitly excluded from the definition of "public employer" under G. L. c. 258, § 1. See G. L. c. 161A, §§ 3, 5 (Massachusetts Bay Transportation Authority); St. 1956, c. 465, §§ 3, 14 (Massachusetts Port Authority); St. 1952, c. 354, §§ 5, 10 (Massachusetts Turnpike Authority).[3] See also *Kargman* v. *Boston Water & Sewer Comm'n, supra* at 56-58. Thus, it is clear that a housing authority is not financially or politically independent and therefore does not meet the *Kargman* test for "independent body politic

---

[3] These entities are also exempt from the definition of public employer under G. L. c. 150E, § 1.

and corporate." A housing authority is a public employer within the ambit of G. L. c. 258 and is entitled to notice pursuant to c. 258, § 4.

Under G. L. c. 258, § 4, a civil action cannot be instituted against a "public employer" unless a written notice of claim shall first be presented to the executive officer "within two years after the date upon which the cause of action arose . . . ." [4] Before a civil action can be instituted the claim must be denied, or be unresolved for six months. *Id.*

In the present case there was a notice[5] prior to the suit that complied with G. L. c. 258, § 4. The notice, purportedly pursuant to G. L. c. 84, § 21, contained a description of the claim against the authority and was presented to Condon, the duly authorized agent for the authority. Thus, the presentment requirements of G. L. c. 258, § 4, were satisfied.[6] It should be noted that the record also contains a notice of presentment dated May 16, 1986, pursuant to G. L. c. 258, § 4, addressed to the members of the authority, including Condon, the execu-

---

[4] The civil action must be brought within three years of the date on which the cause of action arose. G. L. c. 258, § 4.

[5] The notice first sent to the housing authority was pursuant to G. L. c. 84, § 21, and was so entitled. Notice under this statute must be presented within thirty days of the injury. See G. L. c. 84, § 18, which is incorporated into G. L. c. 84, § 21.

[6] We need not decide whether notice pursuant to G. L. c. 84, § 21, is also required in cases such as the present case, as the only issue properly before this court is whether summary judgment was appropriate. When c. 258 was enacted, the Legislature explicitly preserved G. L. c. 84, §§ 15-25, and G. L. c. 81, § 18. This court has held that, where a claim exists under G. L. c. 81, § 18 (defects in State highways), notice is required pursuant to G. L. c. 81, § 18, and the presentment requirements of G. L. c. 258, § 4, do not apply. *Fearon* v. *Commonwealth*, 394 Mass. 50, 54-55 (1985). This court also has stated that c. 84 is the exclusive remedy for claims against governmental entities for defects in public ways. *Gallant* v. *Worcester*, 383 Mass. 707, 710-711 (1981). The reasoning behind requiring adherence to the public way notice requirements rather than the Massachusetts Tort Claims Act presentment requirement is that the former statute's notice period is much shorter, thirty days as opposed to two years for the latter statute. General Laws c. 84, § 21, however, deals with *private* property and, while that statute was also preserved upon the enactment of c. 258, we need not address its applicability to the present case.

tive director, containing a description of the claim. Apparently, this notice was not brought to the attention of the judge or relied upon by the parties during the hearing on the motion for summary judgment. Although the plaintiff did not allege presentment pursuant to c. 258, § 4, she did allege "due notice." That allegation is a sufficient claim of presentment under modern pleading rules. See Mass. R. Civ. P. 8, 365 Mass. 749 (1974). Summary judgment was nevertheless properly granted because suit was instituted within five months of the first notice and was thus premature under the provisions of G. L. c. 258, § 4, which mandates that no action can be entered until the claim has been denied or until six months have elapsed from the date of presentment. The plaintiff does not rely on the validity of the second notice nor does the record demonstrate that it was brought to the attention of the judge. We therefore do not decide if an otherwise proper notice of presentment filed after the institution of a premature action is sufficient to validate the prior action. It should be noted, however, that the plaintiff's claim is not lost because, assuming proper presentment has been made, the statute contains a three-year limitation on commencement of suit which does not run in this case until February, 1988.

The order allowing the authority's motion for summary judgment is affirmed without prejudice to the plaintiff's bringing another action based on proper presentment within the applicable period of limitation.

*So ordered.*