STEVEN LAGRANT, JR. *vs.* BOSTON HOUSING AUTHORITY. No. 87-562. May 16, 1988. Further appellate review granted, 402 Mass. 1104 (1988). *Housing Authority. Massachusetts Tort Claims Act. Practice, Civil,* Presentment of claim under Massachusetts Tort Claims Act. *Statute,* Retrospective statute.

The only issue before us is whether the judgment in the plaintiff's favor after a jury verdict must be reversed because of his noncompliance with the presentment requirement of G. L. c. 258, § 4.

On May 7, 1987, the Supreme Judicial Court in *Commesso* v. *Hingham Housing Authy.*, 399 Mass. 805, 808 (1987), held that since a housing authority is not an "independent body politic and corporate" within § 1 of the Massachusetts Tort Claims Act, G. L. c. 258, a plaintiff bringing an action against such an authority must comply with G. L. c. 258, § 4. Within three months of that decision, after the appeal had been entered in this case, the General Court enacted, and the Governor approved as an emergency measure, St. 1987, c. 343. Section 3 of that statute provides that G. L. c. 258, § 4, "shall not apply to any civil action brought against a housing authority . . . . on a cause of action which arose prior to May Seventh, nineteen hundred and eighty-seven."

The clear intent of the Legislature in enacting c. 343, which refers to May 7, 1987, the date of the *Commesso* decision, is that § 4 is inapplicable to causes of action arising before that date. By "necessary implication," the statute is to be "retrospective." *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 626 (1974). The incident which led to the plaintiff's injury occurred on April 28, 1984, and we see no reason not to give St. 1987, c. 343, full effect in this case.

*Judgment affirmed.*

*John Egan* for the defendant.
*Andrew W. Pasquina* for the plaintiff.