STEVEN LAGRANT, JR., & others[1] vs. BOSTON
HOUSING AUTHORITY.

Suffolk.  September 13, 1988. — November 7, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Boston Housing Authority. Massachusetts Tort Claims Act. Practice, Civil*,
    Presentment of claim under Massachusetts Tort Claims Act, Standing.
    *Constitutional Law*, Constitutional challenge by government agency,
    Separation of powers.

On appeal from a judgment against it in a civil action, the Boston Housing
    Authority, although itself a governmental entity, had standing to contend
    that the retrospective effect of a certain act of the Legislature constituted
    a legislative encroachment on the judicial power, in violation of art. 30
    of the Massachusetts Declaration of Rights. [330-331]
In an action resulting in a judgment against the Boston Housing Authority
    on a claim which arose in 1984, the retrospective effect of St. 1987,
    c. 343, § 3, dispensing with the presentment requirement of the Massa-
    chusetts Tort Claims Act, G. L. c. 258, § 4, did not transgress the
    principle of separation of the powers of government as expressed in
    art. 30 of the Massachusetts Declaration of Rights. [331]

CIVIL ACTION commenced in the Superior Court Department
on October 26, 1984.

The case was tried before *John Paul Sullivan*, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*John Egan* for the defendant.

*Andrew W. Pasquina* for the plaintiffs.

NOLAN, J. This personal injury action was commenced on
October 26, 1984, against the defendant, Boston Housing Au-
thority (BHA), founded on an accident which occurred in April,
1984. It was tried in September, 1986, and the jury returned a

---

[1] Steven LaGrant and Ana Maldonado who bring this action both on
behalf of their minor son, Steven LaGrant, Jr., and on their own behalf.

verdict for the plaintiffs. On appeal, the Appeals Court affirmed the judgment. 26 Mass. App. Ct. 905 (1988). We granted the BHA's application for further appellate review. We affirm the judgment of the Superior Court.

The BHA argues that it was entitled to a judgment because the plaintiffs failed to prove compliance with the presentment requirements of the Massachusetts Tort Claims Act (G. L. c. 258, § 4 [1986 ed. & 1987 Supp.]).

The BHA is a "public employer" within the meaning of this Act. Section 4 provides that no civil action shall be instituted against a public employer unless the claimant shall first present the claim in writing "to the executive officer of such public employer within two years after the date upon which the cause of action arose."

The BHA at all times material to the case was in receivership and the receiver was an officer and agent of the Superior Court. See *Perez* v. *Boston Hous. Auth.*, 379 Mass. 703, 736-738 (1980). Claimants were required to secure permission of the Superior Court to sue the BHA. The plaintiffs sought and received such permission.

However, whether such permission satisfies the presentment requirements of § 4 is not relevant. The Legislature enacted emergency legislation, St. 1987, c. 343, which according to the plaintiffs' argument exempts them from compliance with the presentment requirements of § 4. Section 3 of St. 1987, c. 343, provides that § 4 "shall not apply to any civil action brought against a housing authority . . . on a cause of action which arose prior to [May 7, 1987]." It is particularly interesting to note that May 7, 1987, is the precise day on which we decided *Commesso* v. *Hingham Hous. Auth.*, 399 Mass. 805, 808-809 (1987), which held that a housing authority is not an independent body politic and corporate and that a plaintiff who seeks to enforce a claim against a housing authority shall comply with the presentment demands of § 4.

The plaintiffs' cause of action arose in April, 1984, a date clearly prior to May 7, 1987. The remedial legislation in St. 1987, c. 343, § 3, was enacted while the instant appeal was pending in the Appeals Court.

The BHA argues that we should not allow application of the 1987 amendment retrospectively because, as applied, it is unconstitutional. The agency contends that the amendment amounts to a legislative encroachment on the functions of the judiciary and thus violates art. 30 of the Declaration of Rights of the Massachusetts Constitution (the so-called separation-of-powers provision). Article 30 provides as follows: "In the government of this Commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men."

Before we can reach the BHA's claim that the 1987 enactment is unconstitutional, we must resolve whether it has standing to raise the issue. The BHA is a creature of the Legislature, and we have said that "[a]gencies, which are creations of the State, may not challenge the constitutionality of State statutes." *Spence* v. *Boston Edison Co.*, 390 Mass. 604, 610 (1983). *Trustees of Worcester State Hosp.* v. *The Governor*, 395 Mass. 377, 380 (1985).

In *Spence*, this court denied an agency's standing to challenge a State statute on grounds of due process. In *Trustees of Worcester State Hosp.*, we refused to recognize a governmental entity's standing to claim that a State law allowed an unconstitutional taking of its property. An agency's claim that the Legislature has violated art. 30 by encroaching on the power of the judiciary is distinguishable, however. See *Bruneau* v. *Edwards*, 517 So. 2d 818, 822 (La. Ct. App. 1987) (legislators had standing to challenge law that allegedly gave legislative power to executive branch). If agencies that are affected by legislation said to intrude on judicial rights and art. 30 cannot seek judicial relief, then the judicial branch might be foreclosed from protecting its separate powers from legislative dominance. The judiciary can only exercise its power by deciding cases. It is not sufficient protection for the judiciary to hope that the Legislature will seek an advisory opinion from the Justices and defer to that opinion when con-

sidering a statute that potentially usurps judicial power. See *Opinion of the Justices*, 234 Mass. 612 (1920). Thus we conclude that agencies such as the BHA have standing to challenge the constitutionality of a State statute when it is alleged that the statute represents legislative encroachment on judicial power in violation of art. 30.

In examining the BHA's claim that St. 1987, c. 343, § 3, violates art. 30, we determine that it does not. This provision prohibits the Legislature from enacting legislation which revokes a final judgment or decree. See *Weingartner* v. *North Wales*, 327 Mass. 731, 738 (1951). However, the challenged statute does not disturb a final judgment in the present case. Accordingly, the 1987 enactment properly operates in favor of the plaintiffs.

*Judgment affirmed.*