Cowin, J.
INTRODUCTION
The defendants, Cambridge Housing Authority (“CHA”) and Housing Authority Risk Retention Group, Inc. d/b/a/ Housing Authority Insurance (“HARRG’j, pursuant to Mass.R.Civ.P. 12(b)(6), seek to dismiss the plaintiffs’ complaint for failure to state any claim upon which relief may be granted.
Plaintiff Carmen Rodriguez leases an apartment from the CHA.[3] The defendants argue that the claims against them are barred by statutory exemptions of the Massachusetts Tort Claims Act (“MTCA’j, G.L.c. 258, §§10(h) and (j). Plaintiffs contend that their complaint should not be dismissed because: (1) CHA is not a public employer within the meaning of G.L.c. 258, §1; (2) even if CHA were subject to G.L.c. 258, sections 10(h) and 10(j) do not bar this action; and (3) plaintiffs’ claims for nuisance, breach of contract, breach of the covenant of quiet enjoyment, negligent infliction of emotional distress and loss of consortium are independent causes of action unrelated to the types of actions barred by sections 10(h) and 10(j). For the reasons stated below, defendants’ motion to dismiss is DENIED.
BACKGROUND
The following facts are taken from the complaint. On or about August 1, 1985, plaintiff Carmen Rodriguez (“Rodriguez”) entered a lease agreement with CHA to rent low income housing at 112 Jackson Place, Cambridge, Massachusetts. She and her two sons lived in the apartment. Under the lease terms, CHA agreed to provide the Rodriguez family “quiet and peaceful enjoyment of their leased premises, maintain the development to allow a decent and safe place in which to live, repair defective or unsafe conditions within 24 hours or, in the alternative, provide alternative accommodations with reasonable moving expenses.” ¶9.
By 1990, according to the complaint, the development at Jackson Place (“the development”) had become a dangerous place because of CHA’s failure to comply with its lease obligations. CHA should have known of this situation and known that security was necessary to render the premises safe. The claim is that because of this situation, each of the plaintiffs suffered psychological distress, anxiety and fear of physical danger and desired to be transferred to a safer development. CHA knew or should have known of the plaintiffs’ fears and desires. Thereafter, a series of home invasions occurred in plaintiffs’ apartment causing numerous injuries to the three plaintiffs. Plaintiffs’ claim is essentially that the CHA knew or should have known of the unsafe conditions, that security was necessary to make their premises safe and that this lack of security caused the assaults on them and the resultant injuries.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint as well as any inferences that can be drawn in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991) (citations omitted). The complaint should not be dismissed unless it appears certain that the plaintiff can prove no set of facts to support the claim which would entitle the plaintiff to relief. Spinner v. Nutt, 417 Mass. 549, 550 (1994); Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subject to dismissal if it could support relief under any valid theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). Defendants contend that the plaintiffs’ claims are all barred by sections 10(h) and (j) of G.L.c. 258, the MTCA.
Initially, plaintiffs claim that CHA is not a public employer within the meaning of G.L.c. 258, §1 and *372 thus is not protected in any way by c. 258. That contention is erroneous. “A housing authority is a ‘public employer’ within the meaning of G.L.c. 258, §1 ...” Ayala v. Boston Housing Authority, 404 Mass. 689, 703 (1989). In Commesso v. Hingham Housing Authority, 399 Mass. 805, 808-09 (1987), the Supreme Judicial Court concluded that a housing authority is a public employer under the two-part test set forth by the Appeals Court in Kargman v. Boston Water & Sewer Comm’n, 18 Mass.App. 51 (1984), for determining whether an entity is an “independent body politic and corporate” within the meaning of G.L.c. 258.[4] Therefore, this Court concludes that plaintiffs’ contention that CHA is not subject to the provisions of G.L.c. 258 is without merit.
Plaintiffs’ next argument is that even if CHA is a public employer, it is not protected by the provisions of G.L.c. 258, §10(h) and (j).[5] In Wheeler v. Boston Housing Authority, 34 Mass.App.Ct. 36 (1993), the Appeals Court concluded that a housing authority’s “decision as to what security measures it should employ on its premises is a discretionary function” and thus protected under G.L.c. 258, §10(b).[6] Id. at 40-41. The 1993 amendment to the MTCA as codified by the Legislature in sections 10(h) and 10 (j), see note 4 supra, serve to reinforce the immunity granted to housing authorities by situations such as this one.
It may be that at summary judgment the defendants will prevail in establishing that there are no “explicit and specific assurances of safety or assistance” in the lease agreement with which they did not comply. Cf. Laurence v. Cambridge, 422 Mass. 406, 410 (1996). However, at this point, the plaintiffs have alleged sufficient facts to defeat a motion to dismiss. The claims in paragraph 8 of the complaint that the CHA promised to provide quiet and peaceful enjoyment and to repair unsafe conditions within 24 hours or provide alternative accommodations and reasonable moving expenses make it impossible for me to determine that as a matter of law there is no set of facts which would entitle the plaintiff to relief. It is difficult to discern from the complaint exactly what promise was broken by CHA. The disfavor of the appellate courts for the resolution of claims on motions to dismiss, however, see for example, Fabrizio v. Quincy, 9 Mass.App.Ct. 733, 734 (1980), requires that this case survive at this juncture. Given the fact that much leeway is to be accorded to the plaintiffs on a motion to dismiss, they may be able to prove some set of facts entitling them to relief.
Accordingly, the motion to dismiss is denied.[7]
ORDER
Based upon the foregoing, it is hereby ORDERED that defendants’ motion to dismiss is DENIED.

The other two plaintiffs are Ms. Rodriguez’ sons.

The Supreme Judicial Court points out in Commesso that the benchmarks of the two-part Kargman test are financial and political independence. The Court continues:
The enabling legislation for housing authorities evidences the significant control which the Commonwealth exerts over the authorities. Housing authorities are created pursuant to G.L.c. 121B, which regulates the creation, powers, and liabilities of the authorities . . . This is in direct contrast to the power to fix, charge, and collect revenues from projects under their control, granted to those entities which are explicitly excluded from the definition of‘public employer’ under G.L.c. 258, §1 . . . Thus, it is clear that a housing authority is not financially or politically independent and therefore does not meet the Kargman test for ‘independent body politic and corporate.’ A housing authority is a public employer within the ambit of G.L. c. 258.
Commesso, 399 Mass. at 808-09.

Sections 10(h) and 10(j) as amended in 1993, see St. 1993, c. 495, §144, state that the provisions of the MTCA abrogating the common law doctrine of absolute sovereign immunity shall not apply to:
(h) any claim based upon the failure to establish a police department or a particular police protection service, or if police protection is provided, for failure to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes, identify or apprehend criminals or suspects, arrest or detain suspects, or enforce any law, but not including claims based upon the negligent operation of motor vehicles, negligent protection, supervision or care of persons in custody, or as otherwise provided in clause (1) of subparagraph (j).
(j) any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer. This exclusion shall not apply to:
(1) any claim based upon explicit and specific assurances of safety or assistance, beyond general representations that investigation or assistance will be or has been undertaken, made to the direct victim or a member of his family or household by a public employee, provided that the injury resulted in part from reliance on those assurances. A permit, certificate or report of findings of an investigation or inspection shall not constitute such assurances of safety or assistance; and
(2) any claim based upon intervention of a public employee which causes injury to the victim or places the victim in a worse position than he was in before the intervention; and
(3) any claim based upon negligent maintenance of public property. . .
G.L.c. 258, §10(h) and (j).

G.L.c. 258, §10(b) excepts “any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused.”

The claims of violations of G.L.c. 93A and c. 176D have been stayed.