COMMONWEALTH *vs.* FRANCISCO HERNANDEZ.

Suffolk. January 2, 2007. - April 5, 2007.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & CORDY, JJ.

*Controlled Substances. Threshold Police Inquiry. Search and Seizure,* Threshold police inquiry, Reasonable suspicion, Probable cause. *Practice, Criminal,* Probable cause hearing, Assistance of counsel. *Probable Cause. Constitutional Law,* Search and seizure, Probable cause, Reasonable suspicion, Assistance of counsel.

A Superior Court judge properly denied a criminal defendant's motion to suppress evidence, including thirty bags of heroin, seized as a result of his arrest, where the police officer that approached the defendant had reason to believe that the defendant had committed a crime, having observed activity consistent with an illegal drug transaction [714-715]; moreover, the evidence was lawfully seized, given that the activity the officer observed, as well as the defendant's subsequent flight upon being approached by the officer, was sufficient to create probable cause for the defendant's arrest [715].

A criminal defendant's claim of ineffective assistance of counsel lacked merit, where the failure of the defendant's trial counsel to seek suppression of certain evidence seized from the defendant upon a police officer's threshold inquiry of the defendant was of no consequence, given that the threshold inquiry was based on reasonable suspicion [716], and where his trial counsel's performance during cross-examination of certain witnesses did not deprive him of viable grounds of defense [716-717].

INDICTMENTS found and returned in the Superior Court Department on March 6, 2000.

A pretrial motion to suppress evidence was heard by *Charles T. Spurlock*, J., and the cases were tried before *Elizabeth B. Donovan*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*William T. Harrington* for the defendant.

*Amanda Lovell*, Assistant District Attorney (*William R. Freeman*, Assistant District Attorney, with her) for the Commonwealth.

IRELAND, J. The defendant, Francisco Hernandez, was con-

victed of possession of heroin with intent to distribute within a school zone in violation of G. L. c. 94C, §§ 32 (*b*) and 32J, respectively. The defendant had filed a pretrial motion to suppress all evidence obtained as a result of his arrest, which a Superior Court judge denied. On appeal the defendant claimed that the judge erred in denying the motion to suppress and alleged that his trial counsel provided ineffective assistance of counsel. The Appeals Court affirmed the denial of the motion to suppress and rejected the defendant's ineffective assistance of counsel claims in an unpublished memorandum pursuant to its rule 1:28. *Commonwealth* v. *Hernandez*, 65 Mass. App. Ct. 1117 (2006). We granted the defendant's application for further appellate review. Because we conclude that the motion to suppress was properly denied and there is no merit to the defendant's claim of ineffective assistance of counsel, we affirm his convictions.

*Procedural and factual background.* We recite the following facts in the light most favorable to the Commonwealth. On December 17, 1999, Officer Ediberto Figueroa and his partner were conducting surveillance in plain clothes in the vicinity of the America's Food Basket grocery store located in the Dorchester section of Boston at the intersection of Dudley Street and Columbia Road, when Figueroa observed the defendant pacing back and forth until he was joined by another man, subsequently identified as Neil Hassett. They walked together down Dudley Street onto Ramsey Street, which, unlike Dudley Street, is not a main street. Figueroa also observed the defendant give Hassett an item he had retrieved from his left shoe,[1] which Figueroa could not identify. Figueroa, after watching the activity for approximately four minutes, approached the two men because he suspected that a drug transaction had taken place. Figueroa notified his partner that he was going to approach the defendant and Hassett, and his partner agreed to assist him. As Figueroa displayed his badge, approached the defendant, and identified

---

[1]During the motion hearing, Figueroa testified that the defendant was wearing a boot. However, at trial, he testified that he was not positive that the defendant was wearing boots. He also testified that the booking sheet indicated that the defendant was wearing "walking shoes," rather than boots. The motion judge concluded that the defendant was wearing boots. However, for the purposes of this opinion, we refer to the defendant's footwear as shoes.

himself as a Boston police officer, the defendant ran between two parked cars up Ramsey Street. Shortly thereafter, the defendant stumbled, and Figueroa caught him. The defendant struggled and resisted as Figueroa attempted to place him under arrest. Other officers arrived and assisted Figueroa, and the defendant was placed under arrest. Subsequently, the officers conducted a search and found thirty glassine bags of a substance, later identified as heroin, in the area where the defendant was apprehended.

A Suffolk County grand jury indicted the defendant for unlawful distribution of heroin in a school zone in violation of G. L. c. 94C, §§ 32 (*b*) and 32J, respectively, and possession of heroin in a school zone with intent to distribute in violation of G. L. c. 94C, §§ 32 (*b*) and 32J, respectively. On August 4, 2003, the defendant filed his motion to suppress all the physical evidence seized as a result of his arrest, and after an evidentiary hearing was held, a Superior Court judge denied the motion and issued a memorandum of decision. The judge found that Figueroa had probable cause to arrest the defendant based on the defendant's suspicious conduct and his flight after being approached. The judge also found that, in the alternative, even if there was no probable cause to arrest the defendant, the evidence would still be admissible because the defendant lacked a reasonable expectation of privacy in the area on a public street where the heroin was recovered. The defendant filed a motion for reconsideration that was denied in March, 2004. A jury trial commenced in May, 2004, and the jury found the defendant guilty of possession of heroin with the intent to distribute in a school zone but not of unlawful distribution of heroin in a school zone.

The defendant was then arraigned on a second and subsequent charge for possession with intent to distribute. Thereafter, the Commonwealth and the defendant agreed to a joint sentence recommendation for the offenses that the judge later imposed. The judge also granted the Commonwealth's motion to dismiss the second offense portion of the possession of heroin charge. The defendant was sentenced to three and one-half years to three and one-half years and one day for the conviction under G. L. c. 94C, § 32 (*b*), and a consecutive term of two and one-half

years to two and one-half years and one day for the conviction under G. L. c. 94C, § 32J.

*Discussion.* 1. *Motion to suppress.* The defendant argues that the judge erred in denying his motion to suppress all evidence seized as a result of his arrest. The defendant claims that, prior to his flight on Figueroa's approach, his interactions with Hassett were not suspicious, given that neither the defendant nor Hassett looked around prior to shaking hands in an area with heavy pedestrian traffic. The defendant further claims the following factors weigh against a finding that Figueroa reasonably believed that the defendant had just committed a drug transaction: Figueroa had limited experience as he had only been a police officer for one year at the time of the defendant's arrest, Figueroa admitted not seeing anything being exchanged, and the defendant and Hassett were not known by the observing officers.

If a police officer conducts a *Terry* stop, *Terry* v. *Ohio,* 392 U.S. 1 (1968), and a defendant subsequently files a pretrial motion to suppress evidence seized as a result of the stop, the Commonwealth bears the burden of proving that the officer had reasonable suspicion to believe that "a person has committed, is committing or about to commit a crime." *Commonwealth* v. *Comita,* 441 Mass. 86, 91 (2004), quoting *Commonwealth* v. *Watson,* 430 Mass. 725, 729 (2000). Reasonable suspicion must be "based on specific, articulable facts and reasonable inferences therefrom." *Commonwealth* v. *Lyons,* 409 Mass. 16, 19 (1990). Here, Figueroa testified that he observed the defendant pacing back and forth and that he subsequently saw the defendant give Hassett an item that he had hidden in his shoe. Figueroa also testified that the area where he observed the defendant was a place where there was a high incidence of drug trafficking and an area where he had made between ten to fifteen heroin-related arrests in the preceding year. Figueroa also testified that he believed that the activity that he had observed was consistent with a drug transaction. All of these facts, taken together, support Figueroa's belief that a criminal act had just occurred, and his approach to the defendant thus was based on a reasonable suspicion that a crime had been committed. See *Commonwealth* v. *Watson,* 430 Mass. 725, 729 (2000) ("seemingly innocent

activities taken together can give rise to reasonable suspicion justifying a threshold inquiry"); *Commonwealth* v. *Fraser*, 410 Mass. 541, 545 (1991) (combination of innocent factors, taken together, may amount to reasonable belief).

The defendant also claims that the physical evidence seized was illegally obtained because the police officers lacked probable cause to arrest him. The Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights both require that a valid arrest be based on probable cause. *Wong Sun* v. *United States*, 371 U.S. 471, 479 (1963). *Commonwealth* v. *Bottari*, 395 Mass. 777, 783 (1985). Probable cause exists "where, at the moment of arrest, the facts and circumstances within the knowledge of the police are enough to warrant a prudent person in believing that the individual arrested has committed or was committing an offense." *Commonwealth* v. *Santaliz*, 413 Mass. 238, 241 (1992), quoting *Commonwealth* v. *Storey*, 378 Mass. 312, 321 (1979), cert. denied, 446 U.S. 955 (1980). Here, the suspicious activity Figueroa observed prior to his approaching the defendant and announcing that he was a police officer, in addition to the defendant's subsequent flight, was sufficient to create probable cause that the defendant had engaged in an illegal drug transaction. See *Commonwealth* v. *Santaliz*, *supra* at 240 (court evaluates "the whole 'silent movie' disclosed to the eyes of an experienced narcotics investigator" when determining existence of probable cause); *Commonwealth* v. *Alessio*, 377 Mass. 76, 82 (1979) ("[r]easonable inferences and common knowledge are appropriate considerations for determining probable cause"); *Commonwealth* v. *Battle*, 365 Mass. 472, 476 (1974) (considering totality of circumstances, flight could be an important factor when determining whether probable cause exists). Thus, the judge properly concluded that there were sufficient grounds to establish that the police officers had probable cause to arrest the defendant, and the evidence was lawfully seized.[2] Cf. *Commonwealth* v. *Borges*, 395 Mass. 788, 795 (1985).

---

[2]Because of our conclusion, we need not address the defendant's claim that the judge erred in concluding that the defendant did not have a reasonable expectation of privacy in the area around the parked vehicle where the heroin was recovered.

2. *Ineffective assistance of counsel.* The defendant claims that his trial counsel's errors deprived him of his constitutional right to effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, the defendant bears the burden of proving that the behavior of counsel fell below that of an ordinary, fallible lawyer and that such failing "likely deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974).

The defendant first argues that his trial counsel was ineffective when he failed to seek suppression of the physical evidence, including the thirty bags of heroin that were recovered, based on Figueroa's threshold inquiry that, the defendant argues, was not supported by reasonable suspicion, resulting in an illegal seizure of the defendant. See *Commonwealth* v. *Comita, supra* at 90, quoting *Commonwealth* v. *Pena,* 31 Mass. App. Ct. 204, 207 (1991) ("failure of counsel to litigate a viable claim of illegal search and seizure is a denial of the defendant's Federal and State constitutional right to the effective assistance of counsel"). Because we have determined that Figueroa's threshold inquiry of the defendant was based on reasonable suspicion, the failure of the defendant's trial counsel to seek suppression based on Figueroa's threshold inquiry of the defendant did not amount to ineffective assistance of counsel.[3]

Second, the defendant argues that counsel's performance deprived him of viable grounds of defense. The defendant claims that counsel failed to cross-examine the Commonwealth's expert witness regarding the possibility that possession of thirty bags of heroin could be consistent with personal use, thus depriving him of a defense against the charge that he intended to distribute the heroin. The defendant also contends that counsel failed effectively to develop the theory that the heroin recovered by the police could have been discarded by Hassett and not the defendant. The defendant further argues that this theory could have been developed more effectively if trial counsel had adequately cross-examined Figueroa and concentrated on the

---

[3]Because we conclude that reasonable suspicion was present, we need not reach the question whether a seizure took place at the time the officer approached the defendant.

inconsistencies between his trial testimony regarding his approach to the defendant only and the police report he filed immediately after the incident that stated he approached both Hassett and the defendant.

After reviewing the trial transcripts, we conclude that because the Commonwealth's expert conceded on direct examination that the amount of drugs recovered was consistent with personal use in very rare occasions, the defendant cannot now argue that his trial counsel was ineffective because he made a tactical choice not to question the expert further. See *Commonwealth* v. *Underwood*, 358 Mass. 506, 510 (1970) (reviewing court should not allow defendant to turn unsuccessful trial tactics and strategies into errors). We also are satisfied that counsel adequately cross-examined Figueroa and established that his trial testimony was inconsistent with the police report pertaining to whom he approached.

*Judgments affirmed.*