Spina, J.
(dissenting, with whom Cordy and Botsford, JJ., join). The court has unduly parsed the various observations made by police and determined that each factor standing alone fails to establish probable cause to arrest, without adequate consideration that the factors, in combination, provide probable cause. “When circumstantial evidence is largely relied upon to establish an issue, it is inevitable that many matters should be introduced which by *635 themselves alone would be immaterial, although in connection with other evidence they may be helpful in discovering the truth.” Phillips v. Chase, 201 Mass. 444, 448 (1909). See Commonwealth v. Ahart, 63 Mass. App. Ct. 413, 416 (2005) (“The defendant’s attempt to isolate each piece of the Commonwealth’s evidence as insufficient is unavailing”). The old adage that the whole may be greater than the sum of its parts received no consideration from the court, an unfortunate decision.
Most of the cases relied upon by the court concerning the quantity and packaging of contraband involved additional factors presented at trial to establish proof beyond a reasonable doubt, and virtually all those cases resulted in affirmances of the convictions. Our case law provides numerous instances where a quantity of small baggies of marijuana, similar to the quantity here, were enclosed in a larger bag, also as here. In each of these cases, the quantity and packaging, together with other factors, including expert testimony, provided sufficient evidence to convict a defendant of possession with the intent to distribute. See, e.g., Commonwealth v. Little, 453 Mass. 766, 768, 771-772 (2009) (fifteen baggies, $254, cellular telephone, and no smoking paraphernalia); Commonwealth v. Wilson, 441 Mass. 390, 393, 400-402 (2004) (twenty baggies in bundle having combined weight of one-half ounce, $476, cellular telephone, pager, and no smoking paraphernalia); Commonwealth v. Dessources, 74 Mass. App. Ct. 232, 238 (2009) (sixteen baggies in different places on defendant’s person, defendant arrested in park frequented by drug dealers, no smoking paraphernalia, three others near defendant observed passing marijuana pipe, and expert opinion that baggies had street value of $320 — but value would be considerably less if marijuana combined in single unit); Commonwealth v. Pena, 40 Mass. App. Ct. 905 (1996) (six baggies, sixty dollars, beeper, bag containing baggies hidden in defendant’s pants, and defendant fled when he saw police). The marijuana seized from the defendant here, thirteen small baggies of marijuana placed in a larger bag, in conjunction with other factors, is consistent with amounts and packaging in cases where a defendant was convicted of possession of marijuana with the intent to distribute. In one case, Wilson, supra at 400, the combined weight of marijuana in twenty baggies, fifty per cent more than here, was one-half ounce, which is below the current threshold for criminal possession.
The location of a controlled substance on the defendant’s person, his groin area, in conjunction with other factors, has been *636 considered a factor probative of the question of intent to distribute. See Commonwealth v. DeJesus, 468 Mass. 174, 176 (2014) (guilty plea vacated because of ineffective assistance of counsel on another ground); Commonwealth v. Clermy, 421 Mass. 325, 330-331 (1995); Commonwealth v. Lobo, 82 Mass. App. Ct. 803, 806 (2012); Commonwealth v. Benitez, 37 Mass. App. Ct. 722, 724 (1994); Commonwealth v. Rivera, 27 Mass. App. Ct. 41, 42 (1989).
The absence of smoking paraphernalia, in conjunction with other factors, also has been recognized as probative of an intent to distribute. See Little, supra; Wilson, supra; Dessources, supra.
The unusual and complex manner in which the four males, including the defendant, acted and interacted after the suspected sale reasonably could be viewed as evasive measures to avoid detection, including flushing out the possibility of police surveillance. Such evidence, in conjunction with other factors, is probative of an involvement with drugs that is deeper than mere possession of marijuana. See Commonwealth v. Gonzalez, 452 Mass. 142, 144 (2008) (“scurrying” sounds within apartment); Commonwealth v. Watson, 430 Mass. 725, 728 & n.10 (2000) (“Drug couriers use erratic driving to find out whether they are being followed”); Commonwealth v. Cabrera, 76 Mass. App. Ct. 341, 347 (2010) (automobile maneuvers); Commonwealth v. Dise, 31 Mass. App. Ct. 701, 704-705 (1991) (same).
The fact that no actual exchange was observed by police may weaken the Commonwealth’s probable cause showing, but other factors may be sufficient to overcome the absence of such evidence. See Commonwealth v. Kennedy, 426 Mass. 703, 711 (1998). There is no per se rule that precludes arrest unless an actual exchange is observed. Commonwealth v. Levy, 459 Mass. 1010, 1011 (2011). As we said in Commonwealth v. Rivera, 425 Mass. 633, 646 n.13 (1997), “[ujnfortunately drug sales are so common in present society that almost any witness could draw the inference that drug sales were occurring when observing the activities described by [the officer, even without being able to see what was exchanged].”
Probable cause must be determined from the totality of the circumstances. Commonwealth v. Hernandez, 448 Mass. 711,715 (2007). It is a concept guided by “factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.” Brinegar v. United States, 338 U.S. 160, 175 (1949). The Commonwealth has made the requisite *637 showing. Evidence that the defendant had thirteen small baggies of marijuana collected in a larger bag concealed in his groin area, that he had no paraphernalia with which to smoke marijuana, and that he in consort with three other people took complex evasive maneuvers provided sufficient basis on which a clerk-magistrate properly issued a complaint against him for possession of marijuana with the intent to distribute. There was no need to provide a chemical or weight analysis of the marijuana, or an expert opinion as to intent, for purposes of establishing probable cause. Such additional evidence more practically would be obtained and provided as discovery in anticipation of a trial.[1]
Today’s decision likely will leave police departments in a quandary as to the extent of an investigation that is necessary to provide a police report that will survive probable cause analysis and be available prior to arraignment on the question of pretrial release, which in many cases is well within twenty-four hours of arrest. This could require calling in officers to work overtime, or require arresting officers to work overtime to enhance their reports, or essentially encourage officers not to arrest because of insufficient time to prepare a report. This simply may not be feasible, nor should it be. The probable cause to arrest standard is a low threshold that anticipates far more work and preparation intended to meet the standard applicable at trial — proof beyond a reasonable doubt. The probable cause standard is only the beginning of a far more complex process. For these reasons I respectfully dissent.

The court notes the policy goals of the 2008 ballot initiative and St. 2008, c. 387, “An Act establishing a sensible State marihuana policy.” I appreciate those goals but the 2008 enactment did not decriminalize possession with the intent to distribute marijuana, and I do not read this enactment as intending to reject, alter, or affect this court’s established jurisprudence concerning a determination of probable cause.