JOSEPH L. HANKINSON *vs.* LYNN GAS AND ELECTRIC COMPANY.

Essex.   November 8, 1899. — February 28, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Personal Injuries — Master and Servant — Action — Evidence.*

In an action against an electric corporation for personal injuries occasioned to the plaintiff by being struck in the eye, as he was driving along a street, by a burnt carbon thrown by A., who, as a servant of the defendant, had removed it from a lamp for the purpose of replacing it by a new carbon, A. testified that he ordinarily dropped the disused pieces of carbon somewhere near the base of the post on which the lamp was; that if there was any good reason why he could not drop them there, he tossed them out into the street; and that he intended to be careful not to drop them on a passer by. He further testified as follows: " I wanted to attract his attention so as to speak to him, and I threw the carbon at the team so as to attract his attention, so that I might speak to him, and not for any business connected with the company." *Held,* that it was a question for the jury whether the explanation given by A. of the purpose which he had in throwing the carbon was true or not. *Held, also,* that the evidence of a witness, who testified that A., when taxed by the plaintiff with having through carelessness injured his eye, said, " I am sorry; it was an accident; I did n't mean to do it," was rightly admitted.

TORT, for personal injuries occasioned to the plaintiff by being struck in the eye by a burnt carbon thrown by one Bayrd, who was in the defendant's employ. At the trial in the Superior Court, before *Richardson,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*J. Lowell & J. H. Pearl,* for the defendant.
*J. H. Sisk,* for the plaintiff.

LORING, J. The defendant requested the presiding justice to direct a verdict for the defendant, and excepted to his refusal to give that ruling. This was the only ruling requested and this is the only exception taken in connection with the charge of the judge. The jury were instructed that if the carbon which struck the plaintiff in the eye was thrown by Bayrd " for the purpose of carrying out and performing his duty in his employment," the defendant was liable, and, on the other hand, if the carbon was thrown by Bayrd " to carry out some whim of his own, in accordance with some impulse of his own, and not for the purpose of carrying out or accomplishing the purposes for which he was then and there employed, the defendant would not be liable." This was in accordance with the rule laid down in *Howe* v. *New-march*, 12 Allen, 49, which has been followed and acted upon in many subsequent cases. This is admitted by the defendant, and no exception is taken to this ruling. The only contention made by the defendant is that there was no evidence on which the jury could find that the carbon was thrown by Bayrd for the purpose of performing the work he was hired by the defendant to perform.

But if the jury disbelieved Bayrd's explanation of the purpose which he had in mind in throwing the carbon there was ample evidence that the carbon was thrown by Bayrd in performance of the work he was hired to perform. He was hired to remove the remains of the four carbons left in the lamp in question after it had burned during the preceding night and to replace them by four new carbons for the coming night. The plaintiff was struck as he was driving by, and just outside of, the defendant's cart, which Bayrd had left standing at the foot of the pole on which he was at work discarding the old carbons. These carbons are discarded by being dropped or thrown into the street. Bayrd testified, " I ordinarily drop these disused pieces of carbon somewhere near the base of the post on which the lamp is. If there is any good reason why I cannot drop them there, I toss them out into the street. I intend to be careful not to drop them on to a passer-by or to strike a horse as he is driven along by that pole." This warranted the jury in finding that the carbon which struck the plaintiff in the eye was being discarded by Bayrd in the performance of the duty which he was hired by

the defendant to perform, and in finding for the plaintiff under the rule stated in the charge to the jury.

The defendant's contention is that Bayrd's statement — " I did not throw it at the team for any purpose connected with my business, but to attract his attention. I wanted to attract his attention so as to speak to him, and I threw the carbon at the team so as to attract his attention so that I might speak to him and not for any business connected with the company " — is conclusive upon the jury and the plaintiff; but when the defendant's liability depends upon the purpose with which an act, that is nearly neutral so far as outward manifestations are concerned, is done, it would be strange if the jury were not at liberty to disbelieve the testimony of one employed by the defendant as to his mental processes. In that connection it was proper for the jury to take into consideration the fact that not only was this witness at the time of the trial in the employ of the defendant, but also that he had been taken back into its employ only two weeks before the trial; and the jury may have also believed that from the terms in which his testimony was couched it was evident that the witness had a particular knowledge of what the law required to exonerate the defendant from liability. We are of opinion that it was a question for the jury whether the explanation given by Bayrd of the purpose he had in throwing the disused carbon was true or not. *Merchants' National Bank* v. *Haverhill Iron Works*, 159 Mass. 158. *Commonwealth* v. *McNeese*, 156 Mass. 231. *Twombly* v. *Monroe*, 136 Mass. 464.

The question whether the testimony given by Foss should have been admitted is a close one, but on the whole we are of opinion that it was rightly admitted. It seems to us, on the whole, that it was more natural for a man in Bayrd's position, when taxed by the plaintiff with having through his carelessness nearly, if not quite, caused the loss of his eye, to answer that he was tossing the carbon at his cart to attract his attention and that he, the plaintiff, unexpectedly thrust out his head at just the wrong time, than it was to say, " I am sorry; it was an accident; I didn't mean to do it," and not to give the explanation which he now testifies to.

The presiding justice carefully limited the use to be made of the evidence when it was offered and admitted, and if the defend-

ant desired that further instructions should be given on the point in the charge to the jury, (as it was intimated by the judge he should do, when the evidence was admitted,) his counsel should have called it to the attention of the judge; and not having done so, and not having excepted for that reason to the charge given, has now no ground for complaint.        *Exceptions overruled.*