THOMAS L. AHO vs. ROBERT W. BLANCHETTE & others, trustees, & another;[1] PARAMOUNT DEVELOPMENT ASSOCIATES, INC., third-party defendant.

Norfolk. January 6, 1984. — May 23, 1984.

Present: GRANT, BROWN, & KASS, JJ.

Contract, Indemnity, Construction. Railroad, Indemnity contract. Indemnity.

In a contract between a railroad and the owner of an industrial park granting an easement across railroad tracks for access to the industrial park, a provision imposing far-ranging indemnity obligations upon the owner of the industrial park was not invalid for any public policy considerations. [151]

Under a contract granting an easement for a railroad crossing to provide access to an industrial park and requiring the owner of the park to indemnify the railroad for liability it might incur "by reason of injury to or death of . . . any person who may use said crossing," the owner's indemnity obligation was not limited to claims made by persons using the crossing in connection with the owner's business. [151-152]

CIVIL ACTION commenced in the Superior Court on January 12, 1978.

The case was heard by Zobel, J., on motions for summary judgment.

Andre A. Sansoucy for Robert W. Blanchette & others.

James C. Gahan, Jr. (John T. Underhill with him) for Paramount Development Associates, Inc.

KASS, J.  Thomas Aho, the plaintiff, was hurt when the car he was driving over a railroad crossing in Framingham was

---

[1] Richard C. Bond and John A. McArthur, all as trustees of Penn Central Transportation Company, and William Blais, the engineer of the railroad train involved in the accident. The trustees filed a third-party claim against Paramount Development Associates, Inc.

struck by a train. That train was operated by the Penn Central Transportation Company (Penn Central). The accident occurred in an easement which provided access across a railroad track to an industrial park. At issue is whether the terms of the easement imposed upon the owner of the industrial park (at the time of the accident the owner was Paramount Development Associates, Inc. [Paramount]), an obligation to indemnify the railroad for damages Aho recovers from the railroad.

In exchange for the right to cross the railroad tracks, Paramount's predecessor in title, Cerel-Perini Associates, Inc. (Cerel), agreed to absorb all the expenses attendant on the installation of the crossing, to maintain the crossing at Cerel's expense but under the railroad's direction, to erect and maintain signs identifying the crossing as a private way, to reimburse the railroad for automatic signalling and gate devices that might be required, and to indemnify the railroad as follows:

"Cerel shall indemnify the Railroad and save it harmless against any and all claims, demands, suits or expenses to which it may be subjected by reason of any work done or precaution omitted by Cerel with reference to the construction, maintenance or use of said crossing, or by reason of any failure on the part of Cerel to perform any agreement herein contained, or by reason of injury to or death of Cerel[2] or the agents, servants or contractors of Cerel, *or any person or persons who may use said crossing,* and loss of or damage to property of Cerel or of the agents, servants or contractors of Cerel *or of any person or persons using said crossing*" (emphasis supplied).

On cross motions for summary judgment by Penn Central (the primary defendant and third-party plaintiff) and Paramount (the third-party defendant) a Superior Court judge ruled that the text from the easement quoted above did not require Paramount to indemnify the railroad in connection with Aho's claim and allowed Paramount's motion. Specifically, the judge wrote that the "words 'any person or persons' . . . are to be taken (ejus-

---

[2] What injury or death Cerel, a bloodless, soulless corporation, could suffer is left to the imagination by the draftsman of the easement.

dem generis) as referring *only* to persons . . . who use the crossing on, or about or in connection with Cerel's 'business'" (emphasis original). A separate judgment was entered pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), in favor of Paramount, dismissing Penn Central's third-party complaint. We reverse that judgment.

1. *Public policy considerations.* Paramount urges the invalidity of the indemnity provision on the ground that a railroad, as a common carrier, may not by contract exculpate itself from liability for its negligence. See *Palmer* v. *Boston & Me. R.R.,* 227 Mass. 493, 495-496 (1917). However valid that principle may be as concerns the duty common carriers owe to passengers and shippers, i.e., the general public they serve, it does not apply to parties to whom common carriers have no public duty and with whom they enter into contracts on equal terms. *Bay State Street Ry. Co.* v. *North Shore News Co.,* 224 Mass. 323, 326 (1916). *New York Central R.R.* v. *William Culkeen & Sons,* 249 Mass. 71, 75-76 (1924). *New York, N. H. & H. R.R.* v. *Walworth Co.,* 340 Mass. 1, 3 (1959). See generally, Annot. 14 A.L.R.3d 446 (1967). Here, the railroad's decision to allow access to Cerel's industrial park was a private act which the railroad was not compelled to perform as a common carrier. It could quite properly require the beneficiary of the easement to pay for the economic exposure inherent in grade crossings, including liability for grade crossing accidents. See *Cacey* v. *Virginian Ry.,* 85 F.2d 976, 978 (4th Cir. 1936). *Ryan Mercantile Co.* v. *Great Northern Ry.,* 294 F.2d 629, 632, 635-636 (9th Cir. 1961).

2. *Construction of the indemnity clause.* Having established that the railroad could lawfully impose far ranging indemnity obligations upon the owner of the industrial park which the easement serves, we turn to the question whether the language of the indemnity clause accomplished that purpose. Examining the particular language used in the light of indicia of the parties' intentions, *Shea* v. *Bay State Gas Co.,* 383 Mass. 218, 222-223 (1981), we do not see in the indemnity clause the limitation for which Paramount contends and which the trial judge apparently perceived. The asserted limitation is that, although the

indemnity clause extends Cerel's (later Paramount's) indemnity to "any and all claims . . . by reason of injury or death of . . . any person or persons who may use said crossing, and loss of or damage to property . . . of any person or persons using said crossing," it covers only persons with whom Paramount has some connection. So to construe the language just quoted robs it of meaning, as other language in the indemnity clause already dealt with injuries to persons associated with the owner of the benefitted land. *Whittle* v. *Pagani Bros. Constr. Co.,* 383 Mass. 796, 799 (1981). To insist that "any person . . . who may use said crossing" means "any persons connected with Cerel's business" also raises the question of why that modifier was omitted.

If we examine the clause against the underlying commercial backdrop, Paramount fares no better. Paramount's predecessor in title needed access to its industrial park. That access required a grade crossing; Penn Central was not required to grant one. "It would not be a reasonable interpretation that the parties . . . excluded from coverage [of the indemnity provision] one of the most frequent grounds of liability in railroad operation." *New York, N. H. & H. R.R.* v. *Walworth Co.,* 340 Mass. at 7. See also *Cacey* v. *Virginian Ry.,* 85 F.2d at 978. Nor is it necessary that an indemnity clause state expressly that it covers the indemnitee's negligence. *Shea* v. *Bay State Gas Co.,* 383 Mass. at 222, and cases cited. Given the linguistic and contextual purposes of the words "or any person . . . who may use said crossing," there is no occasion for invocation of the rule of ejusdem generis. Cf. *Old Colony Trust Co.* v. *Hale,* 302 Mass. 68, 70 (1938). This is not a case of words of enumeration followed by collective words, but words which, reasonably construed, expand the class of persons to whom Paramount is liable.

The judgment is reversed. It follows that should the underlying tort action result in payments by Penn Central to the plaintiff, Aho, a judgment is to enter requiring Paramount to indemnify Penn Central for amounts so paid.

*So ordered.*