Loi NGUYEN and Hue Nguyen,

v.

LEWIS/BOYLE, INC. and Hyster Co.

v.

BOLIDEN METECH, INC.

Civ. A. No. 94–0018 P.

United States District Court,
D. Rhode Island.

Oct. 4, 1995.

Thomas A. Tarro, III, Warwick, RI, for plaintiff.

Harry W. Asquith, Jr., Providence, RI, for Lewis/Boyle.

Mark T. Nugent, Providence, RI, for Hyster Co.

Andrew J. Murray, Robin–Lee Main, Providence, RI, for Boliden Metech.

### MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

In this personal injury action, plaintiff Loi Nguyen alleges that he suffered injury as the result of a forklift accident. Plaintiffs filed claims against Lewis/Boyle as the lessor of the forklift and Hyster as the manufacturer of the forklift. Lewis/Boyle has filed a third-party complaint for indemnification from the lessee of the forklift, Boliden.

The matter now before this Court is third-party plaintiff Lewis/Boyle's motion for summary judgment against third-party defendant Boliden. Lewis/Boyle seeks indemnification from Boliden for any liability Lewis/Boyle faces for the plaintiffs' injuries. For

the reasons discussed below, the motion for summary judgment is granted for indemnification of Lewis/Boyle's potential liability under Count I. The motion for summary judgment is denied for indemnification under Counts II and V, because genuine disputes of material facts exist as to the intended coverage of the lease indemnification clause.

### PROCEDURAL AND FACTUAL HISTORY

On July 28, 1993, an employee of Boliden, plaintiff Loi Nguyen, suffered injuries when a forklift driven by a co-worker ran over his leg. Loi Nguyen and his wife filed an action against Lewis/Boyle as the lessor of the forklift and Hyster Company as the manufacturer of the forklift. The plaintiffs allege that Lewis/Boyle is vicariously liable for the negligence of the forklift driver (Count I), that Lewis/Boyle was negligent in failing to maintain the forklift with proper safety equipment (Count II), and that Lewis/Boyle is liable under product liability laws for leasing a dangerous forklift (Count V).

Lewis/Boyle and Boliden had entered into a lease agreement which included an indemnity clause. According to the terms of the lease, lessee Boliden had agreed to indemnify lessor Lewis/Boyle for "all liability arising out of the use, maintenance, repair and/or delivery of the equipment." After plaintiffs brought their action, Lewis/Boyle initiated a third-party complaint against Boliden, relying upon the contractual indemnity clause contained in the lease. Boliden then filed a motion to dismiss, alleging that the indemnity clause was vague and therefore unenforceable. After a hearing held on the motion to dismiss before Magistrate Timothy Boudewyns, Magistrate Boudewyns recommended that the motion be denied. This Court adopted his recommendation on May 17, 1995.

Lewis/Boyle has now moved for summary judgment against Boliden, alleging that, pursuant to the lease indemnity clause, Lewis/Boyle has a right to indemnity from Boliden. Boliden argues that genuine disputes of material facts exist as to the intended scope of the lease indemnification clause. Magistrate Boudewyns has recommended

that the motion be granted as to indemnification under Count I and denied as to the other counts. This Court adopts the result recommended by the magistrate but writes a separate order to clarify its reasoning.

### STANDARD FOR SUMMARY JUDGMENT

■ A federal court may grant summary judgment in a civil action "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). To prevent summary judgment, the evidence, viewed in the light most favorable to the nonmoving party, must be sufficient to permit a rational factfinder to resolve the issue in favor of either side. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 181 (1st Cir. 1989).

### APPLICABLE LAW IN THIS DISPUTE

■ In this case, third-party plaintiff Lewis/Boyle contends that Massachusetts substantive law applies because of a choice-of-law clause in its lease with third-party defendant Boliden. Boliden responds that it never knew of or bargained for the choice-of-law clause and that the clause was buried in fine print. Boliden argues that this Court must therefore disregard the choice of law clause and apply Rhode Island law. A federal court sitting in a diversity case must apply the law of the forum state, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including that state's choice of law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Thus this decision must be based on Rhode Island's choice of law principles.

■ Rhode Island law recognizes choice of law contract clauses, with some limitations. In the 1937 case *Owens v. Hagenbeck–Wallace Shows Co.*, the Rhode Island Supreme Court stated, "the right of parties to a con-

tract to have their reciprocal duties and obligations under that contract governed by the law of some particular jurisdiction is limited to the selection or stipulation by them of the law of a jurisdiction which has a *real relation* to the contract." 58 R.I. 162, 174, 192 A. 158 (1937); *see also Providence & Worcester R.R. Co. v. Sargent & Greenleaf, Inc.,* 802 F.Supp. 680, 684 (D.R.I.1992).

In this case, the only connection Massachusetts has to this contract is that Lewis/Boyle's principal place of business is in Waltham, Massachusetts. Third–Party Pl.'s Opp'n to Mot. to Dismiss at 4. Rhode Island courts have not specifically addressed whether a party's domicile in a state constitutes a "real relation" to a contract formed elsewhere. However, New Hampshire law analogously recognizes a contractual choice of law clause if the contract "bears any significant relationship to that jurisdiction." *Allied Adjustment Service v. Heney,* 125 N.H. 698, 484 A.2d 1189, 1191 (1984). In *Ferrofluidics Corp. v. Advanced Vacuum Components, Inc.,* the First Circuit interpreted this New Hampshire rule, finding that " 'a party's incorporation in a state is a contact sufficient to allow the parties to choose that state's law to govern their contract.' " 968 F.2d 1463, 1467–68 (1st Cir.1992) (citation omitted). The Restatement (2d) of Conflicts of Laws § 187, *comment f,* supports this position: "When the state of the chosen law has some substantial relationship to the parties or the contract, the parties will be held to have had a reasonable basis for their choice. This will be the case, for example, when this state is that ... where one of the parties is domiciled or has his principal place of business." Because this Court has no reason to believe Rhode Island would not follow the Restatement and the interpretation of New Hampshire's parallel provision, I find that Lewis/Boyle's domicile in Massachusetts constitutes a real relationship between the contract and the law chosen by the parties.

In addition, Rhode Island will not enforce a choice of law agreement if the agreement runs contrary to its own public policy. *Owens,* 58 R.I. at 174, 192 A. 158; *see also Providence & Worcester R.R.,* 802 F.Supp. at 684. Other jurisdictions have interpreted this exception very narrowly. *See, e.g., Tele–Save Merchandising Co. v. Consumers Distrib. Co.,* 814 F.2d 1120, 1123 (6th Cir.1987) (Ohio law); *Massengale v. Transitron Elect. Corp.,* 385 F.2d 83, 85–87 (1st Cir.1967) (Massachusetts law); *Aluminum Co. of Amer. v. Hully,* 200 F.2d 257, 261 (8th Cir.1952) (Iowa law) *In re Air Crash Disaster at Detroit Metro. Airport on Aug. 16, 1987,* 757 F.Supp. 804, 808 (E.D.Mich.1989) (Michigan law). *But see Elect. & Magneto Service Co. v. AMBAC Int'l Corp.,* 941 F.2d 660, 664 (8th Cir.1991) (Missouri law); *Modern Computer Systems, Inc. v. Modern Banking Systems, Inc.,* 858 F.2d 1339, 1344 (8th Cir.1988) (Minnesota law). In this case, nothing indicates that Rhode Island has a strong policy interest in the interpretation of indemnity clauses. Nor is there any indication that Massachusetts law governing indemnity clauses offends Rhode Island's policy interests. Thus the narrow "public policy" exception is inapplicable.

Boliden asserts that it never knew of the choice of law provision, that it had not negotiated the clause, and that the clause was buried in fine print on the back of the lease. The Restatement (2d) of Conflicts of Law § 187, *comment b,* states: "A choice-of-law provision, like any other contractual provision, will not be given effect if the consent of one of the parties to its inclusion in the contract was obtained ... by mistake." The Restatement discusses factors to be considered in evaluating a claim of mistake, including whether the clause was in fine print, whether it was contained in an adhesion contract, and whether the mistaken party had an opportunity to bargain about its terms. *Id.* In *Crellin Technologies Inc. v. Equipmentlease Corp.,* the First Circuit rejected a contractual choice-of-law provision under Rhode Island law. 18 F.3d 1, 6 n. 7 (1st Cir.1994). However, in that case the provision had appeared in only one draft of the contract, the non-drafting party never signed that draft, and the parties did not raise the issue. *Id.* The facts in the instant case are clearly distinguishable. The choice of law clause was in the final version of the lease, which Boliden's vice-president apparently signed. No evidence exists that the parties were in

unequal bargaining positions or that the lease was a contract of adhesion. Although the clause was written in admittedly small print, the clause was headed by "GOVERNING LAW" in all capitals, and nothing indicates that Boliden did not have an opportunity to review the contract terms before signing the lease.

Therefore the choice-of-law clause in the lease is valid and Massachusetts law governs the interpretation of the indemnity clause.

### INTERPRETATION OF INDEMNITY CLAUSE

In their amended complaint, the plaintiffs allege three counts against Lewis/Boyle. Count I alleges Lewis/Boyle's liability for the negligence of the forklift operator, David Charron. Pls.' Am. Compl. at 2–3. Count II alleges liability for Lewis/Boyle's negligent failure to maintain the forklift. *Id.* at 3–4. Count V alleges that Lewis/Boyle leased a defective forklift and thus is liable under product liability laws. *Id.* at 5. Lewis/Boyle moves for summary judgment against third-party defendant Boliden for indemnity of all three counts. Lewis/Boyle bases this indemnity claim on a clause in the lease of the forklift. The clause states:

> "Lessee [Boliden] shall further indemnify and save Lessor [Lewis/Boyle] harmless from all liability arising out of the use, maintenance, repair, and/or delivery of the equipment, including all costs and expenses attributable to claims for loss, damage, bodily injury or death, whether or not proven, arising out of such use, maintenance, repair and/or delivery, but shall be credited with any amounts received by Lessor from insurance procured by Lessee."

Third–Party Pl.'s Mem. of Law in Supp. of Obj. to Third–Party Def.'s Mot. to Dismiss, at App. 1. I will consider separately for each count whether genuine disputes of material facts exist regarding Boliden's duty to indemnify Lewis/Boyle.

▮ Count I refers to Lewis/Boyle's alleged liability for David Charron's negligent operation of the forklift. David Charron was Boliden's employee at the time of incident and no party has made allegations that Lew-

is/Boyle was involved in selecting or supervising Mr. Charron. Thus Lewis/Boyle could be found liable under this Count only through vicarious liability for Mr. Charron's negligence. At common law, a party may seek indemnification if that party is not itself negligent but has been exposed to derivative or vicarious liability for the wrongful act of another. *Elias v. Unisys Corp.,* 410 Mass. 479, 482, 573 N.E.2d 946, 948 (1991); *Fireside Motors, Inc. v. Nissan Motor Corp.,* 395 Mass. 366, 369, 479 N.E.2d 1386, 1388 (1985). Since Boliden is Mr. Charron's employer, Boliden would be liable under *respondeat superior* for any claims arising out of Mr. Charron's negligence in the course of his employment. *See, e.g., Hankinson v. Lynn Gas & Elect. Co.,* 175 Mass. 271, 56 N.E. 604 (1900). Were Lewis/Boyle to be found liable to the plaintiffs for Count I, Lewis/Boyle could obtain indemnification from Boliden even without the lease indemnification clause. Since the lease provision appears to require that Boliden indemnify Lewis/Boyle for *any* claims arising from the use of the forklift, the lease clause could not have been intended to entail narrower indemnification than would be required at common law. Even looking at the evidence regarding this provision in the light most favorable to Boliden, the lease clause must require indemnification of Lewis/Boyle for the negligence of Boliden's employees as a matter of law. Thus Lewis/Boyle's motion for summary judgment on Count I is granted.

▮ In Count II, the plaintiffs allege that Lewis/Boyle negligently failed to maintain the forklift. Lewis/Boyle seeks a summary judgment ruling that Boliden must indemnify Lewis/Boyle for any liability under Count II. The case law makes clear that Massachusetts enforces indemnity clauses which cover the indemnitee's own negligence, even without express language to that effect. *Shea v. Bay State Gas Co.,* 383 Mass. 218, 222, 418 N.E.2d 597, 600 (1981); *Aho v. Blanchette,* 18 Mass.App.Ct. 149, 152, 463 N.E.2d 1203, 1204 (1984). However, the Massachusetts courts also require that indemnity clauses be "fairly and reasonably construed in order to ascertain the intention of the parties and to effectuate the purpose

sought to be accomplished." *Shea,* 383 Mass. at 222, 418 N.E.2d at 600 (citations omitted); *see also Whittle v. Pagani Bros. Constr. Co., Inc.,* 383 Mass. 796, 798, 422 N.E.2d 779, 781 (1981). Moreover, the Supreme Court has held that "a contractual provision should not be construed to permit an indemnitee to recover for his own negligence unless the court is *firmly convinced* that such an interpretation reflects the intention of the parties." *United States v. Seckinger,* 397 U.S. 203, 211, 90 S.Ct. 880, 885, 25 L.Ed.2d 224 (1970) (emphasis added).

■ In this case, the indemnity clause's plain language does not clearly reflect the intention of the parties and the purpose of the clause. The parties could have intended that the phrase in the lease, "arising out of the use, maintenance, repair, and/or delivery," would include claims based on Lewis/Boyle's negligence prior to any use by Boliden. Alternatively, the parties could have intended that phrase included only those claims based on negligent acts during Boliden's use, maintenance, repair, or delivery of the forklift. Boliden has raised a genuine dispute of material facts relating to the intended coverage of the clause based on the scope of the insurance coverage Boliden obtained and the affidavit of Boliden's manager who negotiated the lease. The parties must be allowed to present relevant facts as to whether the clause was intended to cover claims stemming from Lewis/Boyle's negligent acts prior to the Boliden's use of the forklift.

■ Previously in this case, Boliden made a motion pursuant to Fed.R.Civ.P. 12(b)(6) for dismissal of Lewis/Boyle's third-party complaint for failure to state a claim. This Court denied that motion, finding that the lease clause was not so vague and ambiguous as to preclude Lewis/Boyle from seeking indemnification. That prior decision does not require granting Lewis/Boyle's current motion for summary judgment. A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) [footnote omitted]. There-

fore the decision denying Boliden's motion to dismiss necessarily found that Lewis/Boyle might be able to prove facts that would allow recovery of indemnification from Boliden. It does not necessarily follow that no genuine disputes of material fact exist which relate to the application of the indemnification clause. Because factual disputes remain as to the scope and intended purpose of the indemnification clause, Lewis/Boyle's motion for summary judgment is denied with regard to Count II.

■ Count V alleges Lewis/Boyle's liability under product liability laws, presumably for leasing an unreasonably dangerous forklift. In this motion for summary judgment, Lewis/Boyle argues that no issues of material fact exist regarding Boliden's duty to indemnify Lewis/Boyle for any product liability claims. None of the Massachusetts cases brought to this Court's attention have specifically addressed whether broad indemnification clauses cover the indemnitee's own liability under strict products liability. Thus, the general rules of contractual interpretation apply, and the provision must be construed in conformity with the parties' intention. *Shea,* 383 Mass. at 222, 418 N.E.2d at 600; *Whittle,* 383 Mass. at 798, 422 N.E.2d at 781. Because the parties disagree as to the intended meaning of the clause and because the Massachusetts case law provides no guidance as to their reasonable expectations regarding the meaning of the clause, genuine issues of material fact exist. Therefore the motion for summary judgment is denied with regard to Count V.

*CONCLUSION*

For the foregoing reasons, the third-party plaintiff Lewis/Boyle's motion for summary judgment is granted as to Boliden's indemnification for liability under Count I, and Lewis/Boyle's motion for summary judgment is denied as to Boliden's indemnification for liability under Counts II and V.

SO ORDERED.