Fremont-Smith, J.
This action arises out of injuries suffered by the plaintiff, David A. Connors (“David Connors”), when he dove into only three feet of water in an in-ground pool owned by his brother, defendant Lawrence Connors, Jr. The plaintiff brought this action for negligence against Lawrence Connors, Jr., and for negligence and breach of the implied warranty of merchantability arising out of the manufacture and sale of the pool liner, which was purchased by Lawrence Connors and was in the pool at the time of the accident, against Bicksmith Inc. (“Bicksmith”), Pacific Industries, Inc. (“Pacific”), and Loudon Plastics, Inc. (“Loudon”).[1] Bicksmith is also alleged to have violated M.G.L.c. 93A. Bicksmith and Loudon then cross-claimed against Lawrence Connors seeking indemnification under the terms of the contract entered into by Bicksmith and Lawrence Connors for the purchase of a pool liner, and Loudon also cross-claimed for indemnification against Bicksmith. Pursuant to Mass.R.Civ.P. 56, Bicksmith and Loudon have moved for summary judgment on their cross-claims against Lawrence Connors, who has opposed the motions and filed a cross motion for summary judgment. After hearing and the court’s reviewing of the submissions of all parties, said motions are DENIED.
FACTS
It is undisputed that on June 25, 1986, Lawrence Connors purchased a new liner for his in-ground pool from Bicknell Pools (now known as Bicksmith), a pool supply store located in Middleton, Massachusetts; that the liner purchased by Lawrence Connors had been manufactured by Loudon; and that, at the time of the purchase, Lawrence Connors signed a purchase order which had been filled out by an employee of Bicksmith, which contained the following clause: “3. Consumer agrees to defend, indemnify and hold [Loudon] and its distributors and dealers harmless from any and all claims arising from injuries that may occur from the use of the pool containing the liner.” The purchase order form, however, contained boxes for the purchaser to check above his signature next to the language, “I understand the above warnings and recommendations, certify that I will abide by all pertinent conditions and request you produce my liner as previously ordered.” This box was not checked by the purchaser, Lawrence Connors, but was left blank on the document.[2] More than six years later, on August 2, 1992, after consuming an unclear amount of beer at a family gathering, David Connors, then seventeen years old, dove head first into the pool with his arms by his sides, struck his head on the bottom of the pool, and sustained serious injuries resulting in permanent paralysis.
DISCUSSION
Massachusetts law provides that “[c] on tracts of indemnity are to be fairly and reasonably construed in order to ascertain the intention of the parties and to effectuate the purpose sought to be accomplished.” Shea v. Bay State Gas Co., 383 Mass. 218, 222 (1981). “Moreover, the Supreme Court has held that ‘a contractual provision should not be construed to permit an indemnitee to recover for his own negligence unless the court is firmly convinced that such an interpretation reflects the intention of the parties.’ ” Nguyen v. Lewis/Boyle, Inc., 899 F.Supp. 58, 63 (D. R.I. 1995) (construing Massachusetts law and citing United States v. Sechinger, 397 U.S. 203, 211 (1970)).
In this case, where the above-described box just above his signature was never checked by Lawrence Connors, but was left blank, it is unclear that he ever intended to accept or be bound by the conditions set forth in the purchase order. It is unclear, moreover, whether the provisions of the purchase order, which apparently was designed for pools with diving boards or slides, was even intended to be applicable to his pool, which never had a diving board or slide. In short, the plain language of the purchase order signed by Lawrence Connors clearly reflects neither the intention of Lawrence Connors nor his purpose in regards to the indemnity clause. Where, as here, “the parties disagree as to the scope of the indemnify clause and because Massachusetts case law provides no guidance as to their reasonable expectations regarding the meaning of the clause, genuine issues of material fact exist.” Nguyen v. Lewis/Boyle, Inc., 899 F.Supp. at 63.
ORDER
For the foregoing reasons, the defendants’ cross motions for summary judgment are DENIED. The parties shall file a proposed order for a revised discovery schedule and deadline for Rule 56 motions on other issues,[3] within ten days of receipt of this order.

Pacific Industries, Inc., a New York corporation, has *733 changed its name to Loudon Plastics, Inc.

The preceding indemnification clause in the purchase order, by which Connors agreed that he would hold Loudon harmless in “all claims and expenses that may arise out of the design or use of said special liner,” would appear to be inapplicable, as the injury is alleged to have resulted from plaintiffs use of the pool, not the liner.

For instance, an issue may be raised as to how any breach of an implied warranty in connection with the sale of the liner could have caused plaintiffs injuries. Also, a possible legal question as to the validity of the indemnity clause may be raised by M.G.L.c. 106, §2-316A, which states that “any language, oral or written, used by a seller or manufacturer of consumer goods and services, which attempts to exclude or modify any implied warranties of merchantability or fitness for a particular purpose or to exclude or modify the consumers’ remedies for breach of those warranties, shall be unenforceable.”