Tucker, Richard T., J.
This tort action arises out of an accident involving a van driven by defendant Jessica Rodriguez (“Rodriguez”). Plaintiffs Robert Pugliese (“Pugliese”), Norman and Sylvia Srebnick (“Srebnick”), and Anna Esposito and Sandra Babin (“Esposito”) bring suit, as the guardians and administrators of those killed and injured, to recover for wrongful death, negligence, and loss of consortium. Rodriguez, her employer Kiessling School Transportation, Inc. (“Kiessling”), and the Montachusett Regional Transit Authority (“MART”) are the defendants (collectively, “the defendants”). Kiessling and MART have filed cross claims against each other for indemnification and contribution on all three underlying sets of claims.
MART now moves for summary judgment, pursuant to Mass.R.Civ.P. 56, on the complaints filed by Pugliese and Esposito for failure to satisfy the Massachusetts Tort Claims Act presentment requirement. MART also moves for summary judgment on its own cross claims against Kiessling and on Kiessling’s cross claims against MART, demanding that Kiessling defend and indemnify for the underlying claims.
After a hearing and for the following reasons, MART’S motion for summary judgment on the Pugliese and Esposito complaints is ALLOWED, its motion for summary judgment on its cross claim against Kiessl-ing is ALLOWED, its motion for summary judgment on Kiessling’s cross claim against MART is ALLOWED.
BACKGROUND
A. The Facts
The undisputed facts and the disputed facts viewed in the light most favorable to the non-moving parties, as revealed by the summary judgment record, are as follows.
On August 9, 2005, Kiessling contracted with the MART to provide transportation services in connection with MARTs 2004 agreement with the Department of Mental Retardation (“DMR”). The contract included an addendum, entitled “Attachment A: Technical Specifications for DMR Transportation Services,” requiring Kiessling to “maintain liability insurance for bodily injuries and/or death with minimum limits of $1,500,000 for any vehicle with a seating capacity of nine (9) to fifteen (15) passengers.” The Contract also contained an indemnification clause, providing that “[Kiessling] shall assume the defense of and indemnify and save harmless . . . MART, their officers, agents and employees from all claims relating to the labor performed and from any act, omission, or neglect of [Kiessling] and their employees.”
On January 30, 2006, Robert Pugliese, Jr., Pamela Srebnick, and David Fantasia were among the passengers killed or seriously injured in a single-vehicle accident. Jessica Rodriguez (“Rodriguez”), an employee of Kiessling, was operating the multi-passenger van[3] in which they rode.
B. Procedural Posture
Pugliese, administrator for the estate of Robert Pugliese, Jr., the Srebnicks, co-guardians for Pamela Srebnick, and Esposito, co-administrator of the estate of David Fantasia, filed separate complaints in Worcester Superior Court against Kiessling and Rodriguez in 2006.[4] On May 29, 2006, the Superior Court consolidated all three suits with WOCV 2006-0577 as the lead case.
*49 Pugliese amended his complaint twice, on July 4, 2007 and May 9, 2008, ultimately claiming negligent operation against Rodriguez, respondeat superior and negligent entrustment against Kiessling, negligent failure to supervise against MART, and loss of consortium against all three defendants. Pugliese has filed a motion requesting leave to file a third amended complaint adding a count against Kiessling for breach of contractual duty to maintain a minimum level of insurance. Although the docket does not show that the Superior Court ever allowed this motion, MART has filed both an answer to the proposed third amended complaint and an emergency motion to amend its summaiy judgment motion and memorandum of law to include the additional counts contained in the third amended complaint.
Esposito amended her complaint on June 26, 2006 and July 11, 2007, and filed a “substitute complaint” adding MART as a defendant on July 29, 2008. Esposito’s suit now consists of a count against Rodriguez for negligence or gross negligence with re-spondeat superior liability on the part of Kiessling and MART, a count against Kiessling for negligent entrustment, and a count against MART for negligent failure to supervise and monitor.
Srebnick amended his complaint on May 10, 2008. Srebnick’s suit now includes three counts for negligence against Kiessling, Rodriguez, and MART.
In answering Pugliese’s second amended complaint on June 16, 2008, MART also asserted a cross claim for indemnification, contractual indemnification, and contribution against Kiessling, and for indemnification and contribution against Rodriguez. Kiessling and Rodriguez also filed cross claims against MART for indemnification, contractual indemnification, and contribution. The defendants asserted identical cross claims as to the other plaintiffs’ complaints.
APPLICABLE STANDARD
This court allows summaiy judgment when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively that there is no triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue by showing that the nonmov-ing party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Comm’ns Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17. The nonmoving party cannot defeat the motion for summaiy judgment by resting on his or her pleadings and mere assertions of disputed facts to defeat the motion. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
DISCUSSION
A. The Pugliese and Esposito & Babin Claims Against MART
MART moves for summaiy judgment on the complaints filed by Pugliese and Esposito, arguing that they did not satisfy the presentment requirement under Massachusetts Tort Claims Act (‘Tort Claims Act"), G.L.c. 258. Because the plaintiffs have not satisfied the presentment requirement, this court allows summaiy judgment in favor of MART on their claims. Negligent failure to supervise is a civil claim subject to the Tort Claims Act, so plaintiffs cannot file suit before satisfying the “presentment” requirement. To comply, plaintiffs must submit their claims “in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer.” G.L.c. 258, §4 (defining final denial as “(t]he failure of the executive officer to deny such claim in writing within six months after the date upon which it is presented, or the failure to reach final arbitration, settlement or compromise of such claim”); Daveiga v. Boston Pub. Health Comm’n, 449 Mass. 434, 436 (2007). Public employers, for the purposes of presentment, do not include “the Massachusetts Bay Transportation Authority... or any other independent body politic and corporate.” G.L.c. 258, §1 (2009).
Here, Esposito filed no papers and presented no oral argument opposing this motion. In particular, the record contains no evidence that she ever submitted a presentment letter. Accordingly, and for the reasons stated below, this court allows summaiy judgment for MART on the Esposito complaint.
Pugliese, on the other hand, submitted a demand letter on June 31, 2008. The accident at issue had allegedly occurred on January 30, 2006. Pugliese had then filed his suit on March 17,2006 and added MART as a defendant on August 7, 2008. Therefore, MART received a demand letter from Pugliese more than two years after the incident, following initiation of the suit. To determine whether Pugliese’s case can go forward, this court must first determine whether MART is a public employer so that the presentment requirement applies. If so, this court must then determine whether the discoveiy rule tolls the presentment requirement.
1. MARTs Status as a Public Employer
MART is a public employer for the purposes of the Tort Claims Act. In examining whether the presentment requirement applies to a particular entity, Massachusetts courts look to that entity’s financial and political independence from the Commonwealth. Kargman v. Boston Water & Server Comm’n, 18 Mass.App.Ct. 51, *50 56-57 (1984). Accord Commesso v. Hingham Hous. Auth., 399 Mass. 805, 808 (1987). In the interest of promoting a comprehensive statutory scheme, the Supreme Judicial Court encourages courts to lean toward finding entities to be public employers when applying this test. Lafayette Place Assocs. v. Boston Redevelopment Auth., 427 Mass. 509, 532 (1998).
Prior applications of the substantive Kargman test indicate that this court should consider MART a public employer. In particular, the Massachusetts Superior Court has previously found the MART to be a public employer. See Daveau v. Montachusetts Regional Transit Auth., WOCV2007-02030-A, slip op. at 5 (Mass.Super. February 29, 2009) (Lemire, J.) (“[T]his court must conclude that MART is not an independent body politic and corporate and that MART is, for the purposes of G.L.c. 258, §§1 and 4, a public employer entitled to presentment”). The District Court Appellate Division has reached a similar outcome, finding more broadly that transit authorities organized under G.L.c. 16 IB, §2 lack financial and political independence for presentment purposes. Kpakolo v. Harrigan, 2008 Mass.App.Div. 178, 179-80 (2008) (ruling that all G.L.c. 16IB transit authorities are public employers for the purposes of the presentment requirement), citing Plymouth Rock Assurance Corp. v. Sabin, 2007 Mass.App. 69 (2007) (using the Kargman test to find that the exception does not apply to the Pioneer Valley Transit Authority).
Likewise, the MART does not fall within the “independent body politic and corporate” exception here. The Massachusetts Bay Transportation Authority (“MBTA”) is organized pursuant to G.L.c. 161A and specifically exempt from the presentment requirement under the Tort Claims Act. MART, however, is organized under G.L.c. 161B and has no power to issue bonds and notes without state approval, or to fix, charge, and collect revenue from the projects under its control. Compare G.L.c. 161A, §§3, 4, 5 (authorizing the issuance of bonds, notes, and other evidence of indebtedness “to develop, finance and operate the mass transportation facilities and equipment in the public interest”), with G.L.c. 161B, §§5, 8, and 17 (prohibiting transit authorities from changing fares or issuing bonds without prior approval of government officials). Rather, MART relies on the Commonwealth and towns for the funds it needs to operate. G.L.c. 16 IB, §10 (specifying that transit authorities should notify the state treasurer annually of the net service cost so the Commonwealth can pay over the amount required). In particular, MART requires the approval of its advisory board, consisting of local government officials, before it can take many important actions. G.L.c. 161B, §§5, 8 (specifying that the board consist “of the city manager ... or the mayor of each other city, and the chairman of the board of selectmen of each town having such board, or the town manager or town administrator of each other town”). Thus, MART is dependent on the Commonwealth, and a public employer entitled to presentment under the Tort Claims Act.
2. Timeliness of Presentment
Because the discovery rule did not toll the presentment requirement for the plaintiffs, they have not satisfied the presentment requirement. Massachusetts courts apply the discovery rule to ascertain when a cause of action accrues for the purposes of the statute of limitations. See Koe v. Mercer, 450 Mass. 97, 101 (2007). Under this approach, the central question is at what point plaintiffs knew or should have known that they suffered harm. Id. In particular, “[f]or purposes of the discovery rule ... it is the facts underlying the claim that must be inherently unknowable, not the fact of a breach of duty or the legal theory for the cause of action.” Guertin v. McAvoy, 19 Mass. L. Rptr. 194 (Mass.Super. March 7, 2005), citing Gore v. Daniel O’Connell’s Sons, Inc., 17 Mass.App.Ct. 645, 647 (1984). The crucial issue is whether a party’s harm was truly inherently unknowable so as to make the running of the limitation period against the party unjust. Olsen v. Bell Tel. Labs, Inc., 388 Mass. 171, 174-75 (1983).
Contrary to Pugliese’s argument, the discovery rule has no application to his claims against MART. Cases presenting an inherently unknowable harm typically involve either a latent defect or active concealment. Zampell v. Consolidated Freightways Corp., 15 Mass.App.Ct. 954, 954 (1983). In contrast, the Massachusetts Appeals Court has found that the Commonwealth’s status as the employer of a defendant is “not inherently unknowable and that therefore the discovery rule [does] not delay the accrual of the claim against the Commonwealth for purposes of the presentment requirement.” Sheila S. v. Commonwealth, 57 Mass.App.Ct. 423, 427-28 n.9 (2003), citing Krasnow v. Allen, 29 Mass.App.Ct. 562, 570 (1990) (finding knowledge of harm was sufficient to initiate further inquiry into whether defendant was a Commonwealth employee for the purpose of presentment requirement). MART’S role was not inherently unknowable, so the discovery rule does not toll the presentment requirement for the plaintiffs as to MART. This court therefore allows summary judgment for MART as to the plaintiffs’ claims.
B. The Kiessling Cross Claims
MART also moves for summary judgment on the cross claims that it and Kiessling have filed against each other. Because Kiessling is contractually obligated to indemnify MART, this court allows summary judgment in favor of MART on all cross claims. Srebnick’s claim against MART falls within the scope of the contractual indemnification clause. Indemnification clauses, like other contractual provisions, must be “fairly and reasonably constructed in order to ascertain the intention of the parties and effectuate the purpose sought to be accomplished.” Shea v. Bay State Gas Co., 383 Mass. 218, 222 (1981); Herson v. *51 New Boston Garden Corp., 40 Mass.App.Ct. 779, 782 (1996). “Contract interpretation is largely an individualized process, with the conclusion in a particular case turning on the particular language used against the background of other indicia of the parties’ intentions.” Shea, 383 Mass. at 222-23. Here, the contract terms show that Kiessling intended to provide and MART intended to obtain transportation services in compliance with DMR regulations requiring a minimum level of insurance coverage. Further, the language of the indemnity provision is broad, requiring indemnification from any act, omission, or neglect by Kiessling. Finally, the DMR regulations are central to Kiessling’s contractual obligations. To impose a separate obligation on MART to monitor Kies sling and ensure that it abides by every DMR regulation would obliterate MARTs contracted-for bargain. Thus, the Srebnick claim against MART falls within the indemnification provision here.
Moreover, Srebnick’s claim against MART suffices to trigger the indemnification clause. Under Massachusetts law, a contractor may not base a claim of indemnity upon mere allegations of the subcontractor’s responsibility. Sheehan v. Modern Cont’l, 62 Mass.App.Ct. 937, 938 (2005). This rule, however, is limited to the peculiar context of indemnity agreements in construction contracts under G.L.c. 149, §29C. See id. (rendering “void any provision requiring a subcontractor to indemnify another for injury ‘not caused by the subcontractor or its employees, agents, or subcontracts’ ”), quoting G.L.c. 149, §29C. In contrast, the general rule governing indemnification clauses is that parties to a contract may agree to indemnify one party’s negligence. Aho v. Blanchette, 18 Mass.App.Ct. 149, 152 (1984) (“It is not necessary that an indemnity clause state expressly that it covers indemnitee’s negligence”). Here, the negligence alleged is ultimately that of a motor vehicle driver, so the construction rule does not apply. Srebnick’s allegation of negligence both falls squarely within and triggers the indemnification clause. This court therefore allows summary judgment for MART on all cross-claims.
ORDER
It is hereby ORDERED that MARTs motion for summary judgment on the Pugliese and Esposito complaints is ALLOWED, its motion for summary judgment on its cross-claim against Kiessling is ALLOWED, its motion for summary judgment on Kiessling’s cross claim against MART is ALLOWED.

The record contains no indication regarding the number of seats in the van, but neither party contends that insurance provision does not apply.

Pugliese filed on March 17, 2006 under WOCV 2006-0577, the Srebnicks filed on March 22, 2006 under WOCV 2006-0612, and Esposito filed on April 28,2006 under WOCV 2006-0883.